1          UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF OHIO
2               EASTERN DIVISION

3

   UNITED STATES OF AMERICA,     )
4      PLAINTIFF,          )   CASE NO. 2:15-cr-81
                      )
5     vs.               )
                      )
6   THOMAS G. THOMPSON,       )
      DEFENDANT.          )
7  _____)

8   UNITED STATES OF AMERICA,     )
      PLAINTIFF,          )   CASE NO. 2:15-cr-82
9                      )
     vs.               )
10                     )
   ALISON L. ANTEKEIER,      )
11     DEFENDANT.          )
  _____)
12
     TRANSCRIPT OF THE PROCEEDINGS OF THE ARRAIGNMENT ON INFORMATION
13        BEFORE THE HONORABLE ALGENON L. MARBLEY
         WEDNESDAY, AUGUST 8, 2015, AT 3:30 P.M.
14
                COLUMBUS, OHIO
15
   FOR THE PLAINTIFF:
16      U.S. ATTORNEY'S OFFICE
      By:  DOUGLAS W. SQUIRES, ESQ.
17     303 MARCONI BOULEVARD, SUITE 200
      COLUMBUS, OHIO O43215
18
   FOR THE DEFENDANT THOMAS G. THOMPSON:
19     THE LAW OFFICES OF BENJAMIN G. DUSING, PLLC
      By:  BENJAMIN G. DUSING, ESQ.
20     50 EAST RIVER CENTER BOULEVARD, SUITE 820
      COVINGTON, KENTUCKY 41011
21
   FOR THE DEFENDANT ALISON L. ANTEKEIER:
22     MCNAMARA LAW OFFICE
      By:  DENNIS W. MCNAMARA, ESQ.
23     88 EAST BROAD STREET, SUITE 1350
      COLUMBUS, OHIO 43215
24
                 -  -  -
25

1    Proceedings recorded by mechanical stenography, transcript
     produced by computer.

2

3                      LAURA SAMUELS, RPR
                  FEDERAL OFFICIAL COURT REPORTER
4                 85 MARCONI BOULEVARD, ROOM 302
                       COLUMBUS, OHIO 43215
5                 TELEPHONE NUMBER 614-719-3245

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          Wednesday Afternoon Session

2                April 8, 2015

3                - - - - -

4          THE COURT:  Mr. Harris, would you, please, call the case.

5          THE DEPUTY CLERK:  Case no. 2:15-cr-81, the United States

6    of America versus Thomas G. Thompson; and case no. 2:15-cr-82, the

7    United States of America versus Alison L. Antekeier.  Will the

8    defendants, please, come forward?  And this is an arraignment on

9    information for April 8, 2015.

10         MR. MCNAMARA:  Any particular order?

11         THE COURT:  Good afternoon.  Would counsel, please,

12   identify themselves for the record, beginning with counsel for the

13   government.

14         MR. SQUIRES:  Thank you, Your Honor.  Doug Squires,

15   Assistant United States Attorney, for the United States.

16         THE COURT:  Counsel for the defense.

17         MR. MCNAMARA:  Dennis McNamara representing Alison

18   Antekeier.

19         MR. DUSING:  Good afternoon, Your Honor, Ben Dusing on

20   behalf of the defendant, Thomas Thompson.

21         THE COURT:  What does the United States Attorney propose

22   in this proceeding?

23         MR. SQUIRES:  Your Honor, we're here for an initial

24   appearance of an arraignment on informations.  The United States

25   Attorney proposes to file an information charging Thomas G.

1  Thompson and Alison L. Antekeier with one count of criminal

2  contempt each, in violation of Title 18 United States Code Section

3  401(3).  Also present in the courtroom is Deputy John Bailey of

4  the United States Marshal Service for reading of the statement of

5  facts.

6         THE COURT:  I'm going to ask the two of you a series of

7  questions.  I'm going to put the questions to you as a group, but

8  I'm going to give each of you an opportunity to answer the

9  questions individually.

10         Counsel, first, have you explained to your respective

11  clients his and her right to have the facts of this case presented

12  to a grand jury?

13         MR. MCNAMARA:  I have, Your Honor.

14         MR. DUSING:  I have, Your Honor.

15         THE COURT:  Does each defendant wish to have the facts of

16  the case presented to a grand jury or has he and she indicated

17  their consent to be charged by a bill of information?

18         MR. MCNAMARA:  Ms. Antekeier wishes to waive presentment

19  to the grand jury and proceed on the information.

20         MR. DUSING:  Same for Defendant Thompson, Your Honor.

21         THE COURT:  Now to the defendants:  Have you received a

22  copy of the information the United States Attorney proposes to

23  file in this proceeding?

24         MR. THOMPSON:  Yes.

25         MS. ANTEKEIER:  Yes, Your Honor.

1     THE COURT:  And did you receive it before your appearance

2  here in court today?

3     MR. THOMPSON:  Yes, Your Honor.

4     MS. ANTEKEIER:  Yes.

5     THE COURT:  Did you read the information?

6     MR. THOMPSON:  Yes, Your Honor.

7     MS. ANTEKEIER:  Yes.

8     THE COURT:  Did you discuss the information with your

9  attorney?

10    MR. THOMPSON:  Yes.

11    MS. ANTEKEIER:  Yes.

12    THE COURT:  And did your attorney explain to you the

13  offense against the United States set forth in the bill of

14  information?

15    MR. THOMPSON:  Yes.

16    MS. ANTEKEIER:  Yes.

17    THE COURT:  Do you understand the nature and the meaning

18  of the offense charged in the information?

19    MR. THOMPSON:  Yes.

20    MS. ANTEKEIER:  Yes.

21    THE COURT:  Counsel, based on your conferences with your

22  respective clients, what is your belief as to his and her

23  understanding of the nature and meaning of the offense?

24    MR. DUSING:  Your Honor, I believe my client understands

25  the nature and meaning of the offense and is competent to enter a

1    plea.

2         MR. MCNAMARA:  Yes, Your Honor, I believe Ms. Antekeier

3    also understands the nature of the offense.

4         THE COURT:  The information the United States Attorney

5    proposes to file charges each of you with criminal -- each of you

6    with one count of criminal contempt.  Since the United States

7    Attorney proposes to charge you with the commission of a felony,

8    you have the Constitutional right to have the facts of this case

9    presented to a grand jury.  If you choose to exercise this right,

10   the grand jury may or may not return an indictment against you.

11   If the grand jury does return an indictment, presumably you will

12   be charged with the same offense in the same language as the

13   United States Attorney proposes in the information.  Do you

14   understand that?

15        MR. THOMPSON:  Yes.

16        MS. ANTEKEIER:  Yes.

17        THE COURT:  You may waive your right to have the facts of

18   this case presented to a grand jury and consent to be charged by

19   information.  If you choose to be charged by information, you must

20   sign a written consent form here in open court.  Do you understand

21   that?

22        MR. THOMPSON:  Yes.

23        MS. ANTEKEIER:  Yes.

24        THE COURT:  If you choose to be charged by a bill of

25   information, you do not give up any of your other Constitutional

1    rights. You still have the right to plead not guilty, to be tried

2    by a jury, to be represented by counsel throughout the trial, to

3    face the prosecution's witnesses against you; and the government

4    must prove the charge against you by competent evidence beyond a

5    reasonable doubt. Do you understand that?

6            MR. THOMPSON: Yes.

7            MS. ANTEKEIER: Yes.

8            THE COURT: Do you fully understand your right to have

9    the facts of this case presented to a grand jury?

10           MR. THOMPSON: Yes, Your Honor.

11           MS. ANTEKEIER: Yes.

12           THE COURT: Do you understand your right to choose to be

13    charged by way of information?

14           MR. THOMPSON: Yes.

15           MS. ANTEKEIER: Yes.

16           THE COURT: Do you wish to waive your right to have your

17    case presented to a grand jury?

18           MR. THOMPSON: Yes.

19           MS. ANTEKEIER: Yes.

20           THE COURT: Do you choose to be charged by the filling of

21    a bill of information?

22           MR. THOMPSON: Yes.

23           MS. ANTEKEIER: Yes, Your Honor.

24           THE COURT: I'm going to have Mr. Harris hand a copy of

25    the waiver to Mr. Dusing and Mr. McNamara. I am going to ask each

1   of you to explain it to your clients before having each of them

2   sign it.

3          MR. DUSING:  Your Honor --

4          MR. MCNAMARA:  We have done that, and they have already

5   been signed, Your Honor.

6          THE COURT:  Upon execution of the waiver, I determine

7   that each defendant has competently exercised his and her right to

8   waive the presentation of the facts of this case to a grand jury

9   and has signed the necessary waiver in open court.  I will ask the

10  clerk to file the information.

11         Mr. Thompson, how do you plead to Count 1 of the

12  information, criminal contempt, in violation of 18 United States

13  Code Section 401(3), guilty or not guilty?

14         MR. THOMPSON:  Guilty.

15         THE COURT:  Ms. Antekeier, how do you plead to Count 1 of

16  the information, which is the charge of criminal contempt, in

17  violation of 18 United States Code Section 401(3)?

18         MS. ANTEKEIER:  Guilty, Your Honor.

19         THE COURT:  Before accepting your respective pleas of

20  guilty, I must determine that they are made voluntarily with a

21  full understanding of the nature of the charge and the

22  consequences of your respective pleas of guilty.  In order to make

23  this determination, I must now ask you several questions.

24         Mr. Harris, would you, please, swear the defendants?

25         THE DEPUTY CLERK:  Raise your right hand.

1     (Both defendants were sworn.)

2          THE COURT:  Beginning with you, Mr. Thompson, please

3     state your full name.

4          MR. THOMPSON:  Thomas G. Thompson.

5          THE COURT:  What does the G stand for?

6          MR. THOMPSON:  Oh, Gregory.  Thank you.

7          THE COURT:  What is your age, Mr. Thompson?

8          MR. THOMPSON:  Sixty-two.

9          THE COURT:  And what is your level of education?

10         MR. THOMPSON:  Seventeen years.

11         THE COURT:  Okay.  And did you graduate both from high

12    school and from college?

13         MR. THOMPSON:  Yes.

14         THE COURT:  All right.  Have you ever been treated for

15    any mental illness?

16         MR. THOMPSON:  No.

17         THE COURT:  Have you ever been treated for addiction

18    either to narcotics or alcohol?

19         MR. THOMPSON:  No.

20         THE COURT:  Within the past 24 hours, have you taken any

21    narcotic drugs?

22         MR. THOMPSON:  No.

23         THE COURT:  Consumed any alcoholic beverages?

24         MR. THOMPSON:  No.

25         THE COURT:  Taken any prescription medications?

1          MR. THOMPSON:  No.

2          THE COURT:  Mr. Dusing, do you have any doubt as to

3  Mr. Thompson's competence to plead at this time?

4          MR. DUSING:  I have no doubts, Your Honor.

5          THE COURT:  Ms. Antekeier, would you, please, state your

6  full name?

7          MS. ANTEKEIER:  Alison Louise Antekeier.

8          THE COURT:  Okay.  And how old are you, Ms. Antekeier?

9          MS. ANTEKEIER:  Forty-seven.

10         THE COURT:  And what is your level of education?

11        MS. ANTEKEIER:  Three years of college.

12        THE COURT:  Have you ever been treated for any mental

13  illness?

14        MS. ANTEKEIER:  No.

15        THE COURT:  Have you ever been treated for addiction

16  either to narcotics or to alcohol?

17        MS. ANTEKEIER:  No.

18        THE COURT:  Within the past 24 hours, have you taken any

19  narcotic drugs?

20        MS. ANTEKEIER:  No.

21        THE COURT:  Consumed any alcoholic beverages?

22        MS. ANTEKEIER:  No.

23        THE COURT:  Or taken any prescription medications?

24        MS. ANTEKEIER:  No.

25        THE COURT:  Mr. McNamara, do you have any doubt as to

1    Ms. Antekeier's competence to plead at this time?

2          MR. MCNAMARA:  I do not.

3          THE COURT:  As I've indicated, the information that you

4    have received charges you both with criminal contempt, in

5    violation of 18 United States Code Section 401(3).  Do you

6    understand the nature and meaning of this charge?

7          MR. THOMPSON:  Yes, Your Honor.

8          MS. ANTEKEIER:  Yes, Your Honor.

9          THE COURT:  Have you told your lawyer everything you know

10   about this case?

11         MR. THOMPSON:  Yes, Your Honor.

12         MS. ANTEKEIER:  Yes.

13         THE COURT:  Do you believe your lawyer is fully informed

14   about the facts and circumstances which gave rise to this case?

15         MR. THOMPSON:  Yes.

16         MS. ANTEKEIER:  Yes.

17         THE COURT:  Has your lawyer fully advised you on the

18   nature and meaning of the charge?

19         MR. THOMPSON:  Yes.

20         MS. ANTEKEIER:  Yes.

21         THE COURT:  And any defenses that you might have?

22         MR. THOMPSON:  Yes.

23         MS. ANTEKEIER:  Yes.

24         THE COURT:  Are you each satisfied with your lawyer's

25   advice and representation?

1          MR. THOMPSON:  Yes.

2          MS. ANTEKEIER:  Yes.

3          THE COURT:  Every criminal offense has certain elements,

4     or basic facts, that the government must prove by competent

5     evidence beyond a reasonable doubt before a jury could find you

6     guilty.

7          In this case the elements of the offense of which you are

8     charged are as follows:  First, there was a violation amounting to

9     criminal contempt; second, of a clear and reasonably specific

10    order; third, the violation was done knowingly and willfully; and,

11    fourth, the offense occurred in relation to orders issued from the

12    United States District Court for the Southern District of Ohio on

13    or about the dates alleged in the information.

14         Do you understand that those are the elements of the

15    offense?

16         MR. THOMPSON:  Yes.

17         MS. ANTEKEIER:  Yes.

18         THE COURT:  Do you understand that if I -- Do you

19    understand that the maximum possible penalty for the offense is

20    life imprisonment, a fine of $100,000, one year supervised release

21    and a $100 special assessment?

22         MR. THOMPSON:  Yes.

23         MS. ANTEKEIER:  Yes.

24         THE COURT:  Do you understand that if I accept your plea

25    of guilty, I can impose this maximum penalty?

1       MR. THOMPSON:  Yes.

2       MS. ANTEKEIER:  Yes.

3       THE COURT:  Do you understand that if I accept your plea

4  of guilty, I can impose the same penalty as though you pleaded not

5  guilty, stood trial and were convicted by a jury?

6       MR. THOMPSON:  Yes.

7       MS. ANTEKEIER:  Yes.

8       THE COURT:  Do you understand that the offense to which

9  you're pleading guilty is a felony offense; that if your plea is

10  accepted, that you will be adjudged guilty of that offense and

11  that such adjudication may deprive you of valuable civil rights,

12  including your right to vote, your right to hold public office,

13  your right to serve on a jury and the right to possess any kind of

14  firearm?  Do you understand that?

15       MR. THOMPSON:  Yes.

16       MS. ANTEKEIER:  Yes.

17       THE COURT:  Do you understand that if you receive a

18  sentence of imprisonment of more than one year, you will also be

19  sentenced to a term of supervised release and that I may order a

20  term of supervised release to follow imprisonment in any other

21  case?

22       MR. THOMPSON:  Yes.

23       MS. ANTEKEIER:  Yes.

24       THE COURT:  Mr. Thompson, Ms. Antekeier, supervised

25  release is a period of supervision by the United States Probation

1     Office.  It follows a period of imprisonment.  It is imposed under

2     terms and conditions set by the Court.  A violation of any of

3     those terms and conditions may lead to an additional period of

4     imprisonment that would be for a term up to the full time of the

5     period of supervised release and would be without credit for any

6     time already served under supervised release.  Do you understand

7     that?

8            MR. THOMPSON:  Yes.

9            MS. ANTEKEIER:  Yes.

10          THE COURT:  Under the Sentencing Reforming Act of 1984,

11     the United States Sentencing Commission has promulgated advisory

12     guidelines to counsel the Court as to the appropriate sentence in

13     a given criminal case.  Have you and your attorneys discussed how

14     the advisory guidelines might inform the Court in your respective

15     cases?

16           MR. THOMPSON:  Yes, Your Honor.

17           MS. ANTEKEIER:  Yes.

18          THE COURT:  Do you understand that you and the government

19     have the right to appeal any sentence that I impose?

20           MR. THOMPSON:  Yes.

21           MS. ANTEKEIER:  Yes, Your Honor.

22          THE COURT:  Do you understand that parole has been

23     abolished and that if you're sentenced to prison, you will not be

24     released on parole?

25           MR. THOMPSON:  Yes.

1          MS. ANTEKEIER:  Yes.

2          THE COURT:  Do you understand that if the statute of

3    conviction makes probation discretionary, I may or may not place

4    you on probation?

5          MR. THOMPSON:  Yes.

6          MS. ANTEKEIER:  Yes.

7          THE COURT:  The Court advises you that under the

8    Constitution and the laws of the United States, you have the right

9    to plead and indeed to persist in your plea of not guilty.  You

10   have the right to be tried by a jury; and at a speedy and public

11   trial, you would have the right to the assistance of counsel, the

12   right to confront and to cross-examine the witnesses who testify

13   against you and the right to refuse to testify yourself unless you

14   voluntarily choose to do so on your own behalf.  At such trial you

15   would be presumed innocent until such time, if ever, the

16   government establishes your guilt by competent evidence beyond a

17   reasonable doubt.  At such trial you would be entitled to the

18   issuance of subpoenas to compel the attendance of witnesses on

19   your behalf.

20         Do you understand that by pleading guilty, you waive the

21   rights that I have just mentioned?

22         MR. THOMPSON:  Yes.

23         MS. ANTEKEIER:  Yes.

24         THE COURT:  Do you understand that by pleading guilty,

25   you also give up or waive your right to a trial since there will

1      not be a further trial of any kind in your case?

2              MR. THOMPSON:  Yes.

3              MS. ANTEKEIER:  Yes.

4              THE COURT:  Do you understand further that by pleading

5      guilty, you give up or waive your privilege against self

6      incrimination since I will have to ask you questions about what

7      you did in order to satisfy myself that you are in fact guilty as

8      charged, and you will have to acknowledge your guilt?

9              MR. THOMPSON:  Yes.

10             MS. ANTEKEIER:  Yes.

11             THE COURT:  Are you willing to waive and to give up your

12     right to a trial and all the other rights that I have just

13     mentioned?

14             MR. THOMPSON:  Yes.

15             MS. ANTEKEIER:  Yes.

16             THE COURT:  Mr. Thompson, Ms. Antekeier, you should

17     understand that proper plea agreements are permissible and that

18     you and all counsel have a duty to disclose the existence and

19     terms of any such plea agreement.  The Court is familiar with the

20     plea agreements in this case.  I'm going to ask Assistant United

21     States Attorney Squires to summarize the essential terms of the

22     plea agreement.  Mr. Squires?

23             MR. SQUIRES:  Thank you, Your Honor.  And with the

24     Court's permission, both are different, so I'll summarize both

25     individually.

1    THE COURT:  Yes, please.

2    MR. SQUIRES:  Thank you.  Regarding Thomas G. Thompson,

3    as this Court is aware, there is an 11(c)(1)(C) plea, but there's

4    also an appellate court waiver, and I'll highlight those issues

5    within the plea agreement.  Thank you.

6    The United States and Thomas Thompson have entered into a

7    plea agreement, Your Honor, specifying the parties agree to

8    particular provisions of the U.S. Sentencing Guidelines to apply

9    in this case.

10   Defendant Thompson will enter a plea of guilty, as he's

11   doing here today, to a single-count information charging him with

12   criminal contempt, in violation of 18 United States Code Section

13   401(3), and agrees that the $425,380 seized in this case shall be

14   turned over to the United States Clerk of Court for distribution

15   in accordance with further orders of this Court.

16   The defendant understands the penalties are controlled by

17   United States Sentencing Guideline 2X5.1 in that there's no

18   specific guideline for the offense of 18 United States Code

19   Section 401(3), criminal contempt.  The defendant agrees within

20   this -- and this is the 11(c)(1)(C) portion of the plea

21   agreement -- the defendant agrees that 18 United States Code

22   Section 3146(b)(1)(A)(iii) regarding the criminalization of

23   failure to appeal is the most analogous offense, and it has a

24   maximum term of imprisonment of two years, a fine maximum of

25   $250,000, and a potential of up to one year of supervised release.

1    In addition, the defendant will pay a special assessment

2  in the total of $100.

3    The defendant agrees to assist the parties in the civil

4  case that is now before the Court as well, in case no. 06-cv-0292,

5  and any other party identified by the Court as having an interest

6  in identifying and recovering assets.

7    Those were the original reasons for Judge Sargus's order,

8  Your Honor.

9    THE COURT:  Yes.

10    MR. SQUIRES:  The defendant agrees to testify under oath

11  at a proceeding amounting to a debtor's examination to identify

12  and recover assets.  The examination shall include but is not

13  limited to questions regarding the gold strike commemorative coins

14  which were the subject of previous orders and the civil case as

15  cited.  After the defendant answers questions at the debtor's

16  examination, a reasonable time will be permitted for a process

17  amounting to civil discovery to verify answers and trace assets.

18  After the debtor's examination and a reasonable period of time for

19  discovery, if the government is satisfied that all questions have

20  been fully answered and shall recommend to the Court that the

21  civil contempt proceeding be deemed cured.  This term shall not

22  bar the Court from adducing and ordering a sentence including

23  incarceration in this case for contempt.  Your Honor, the

24  determination of whether the defendant has in fact cooperated in

25  this regard shall be made by this Court, to be recommended by the

1    U.S. Attorney, but it's your ultimate decision, consistent with

2    the terms and conditions of this agreement.  Your Honor, there's a

3    potential, and the government acknowledges, that it is the

4    parties' intention, that any sanctions or consequences arising

5    from the defendant's failure to cooperate in the identification

6    and recovery of assets in the civil case before this Court is to

7    be determined and imposed by this Court as part of that instant

8    proceeding and only by this Court as part of that proceeding.  The

9    defendant's submission to any debtor exam shall not be limited to

10   any one hearing or proceeding, but rather any examination may

11   proceed as part of this instant criminal matter during any period

12   of incarceration or during any term of supervised release; and the

13   defendant's failure to comply shall be deemed a material breach of

14   this agreement.

15          The defendant agrees to make himself available for any

16   debriefings by the United States and to testify truthfully and

17   completely in any debriefing concerning all matters, and that

18   includes identifying those who may have assisted defendant in the

19   crime of criminal contempt, that being on the run.

20          The government agrees that any self-incriminating

21   information so provided will not be used against the defendant in

22   determining the applicable guideline range for sentencing or as a

23   basis for upward departure from the guideline range.

24          And the last -- One of the last terms is that the Court

25   may use U.S. Sentencing Guideline 2J1.6, failure to appear by the

1   defendant, and the factors set forth in 18 United States Code

2   Section 3553, which the Court knows so well, in adducing any

3   sentence up to the statutory maximum of two years.

4        Your Honor, the plea agreement also specifies the

5   colloquy engaged here by the Court.  Those are the rights that he

6   has, the Constitutional rights in a criminal case, as stated so

7   well by the Court.  But most importantly, there won't be a trial

8   of any kind.  So that by pleading guilty, he waives up -- he gives

9   up his right to a trial.

10       The defendant understands the Court intends to question

11   him on the record about the offense to which he pleads guilty.

12       Your Honor, if the defendant's guilty plea is entered and

13   not withdrawn, the United States Attorney agrees not to charge the

14   defendant with any other offense arising from the circumstances of

15   this case, including federal criminal offenses relating to fraud

16   and unjust enrichment, as set forth in the information and

17   statement of facts this Court is about to hear.

18       Your Honor, the United States Attorney recommends that at

19   the time of the execution of the plea agreement, Mr. Thompson has

20   accepted responsibility for the offense to which he has pleaded

21   guilty.  If he continues to accept responsibility, the United

22   States will so inform the Court that the defendant has timely

23   notified authorities of his intention to plead guilty, which may

24   result and will result in a decrease of his offense level by two

25   levels.  If the calculated offense is level 16 or greater, the

1    United States will move for a decrease in the offense level by one

2    additional level.

3         Your Honor, the defendant is aware, as this Court has

4    stated so well here today, the sentencing guidelines are advisory

5    and no longer mandatory.  That means for the defendant, and it

6    says here in writing, that the Court has the jurisdiction and

7    authority to impose any sentence within the statutory maximum as

8    set forth in the offense to which the defendant pleads guilty.

9    That, of course, is limited by the agreements of the parties in

10   the 11(c)(1)(C) to the two-year cap, so to speak, in this case.

11        The defendant is aware that the Court has not yet

12   determined the sentence.

13        The defendant understands this agreement does not protect

14   him from prosecution for perjury, should he testify untruthfully,

15   or from making false statements.

16        The United States Attorney agrees that if the defendant

17   provides substantial assistance in the investigation and

18   prosecution of others who may have committed criminal offenses,

19   including assisting him in criminal contempt, the United States

20   may move for an appropriate departure from the otherwise

21   applicable guideline range of the defendant's sentence.

22        The statutory and Constitutional waiver of rights, Your

23   Honor, as is follows.  The defendant waives any motions described

24   in Federal Rules of Criminal Procedure 12(b)(3) regarding pretrial

25   motions, any and all motions, defenses, probable cause

1    determinations and objections which the defendant could assert to

2    the information or the Court's entry of judgment against the

3    defendant and the imposition of sentence upon the defendant

4    providing that the sentence is consistent with this agreement.

5    The defendant further waives any right to appeal the Court's entry

6    of judgment against the defendant, any right to collaterally

7    attack the defendant's conviction and sentence under 28 United

8    States Code Section 2255 or any other collateral attack and the

9    right to file any -- I'm sorry, he waives any right to file a

10   motion for modification of sentence, including under 18 United

11   States Code Section 3582(c).  The defendant acknowledges that the

12   waiver shall result in the dismissal of any appeal or collateral

13   attack the defendant might file charging regarding his conviction

14   and sentence in this case.  Most importantly, Your Honor, this

15   waiver shall not be construed as a claim of the defendant against

16   ineffective assistance of counsel or prosecutorial misconduct.

17          I can state to the Court, because I know the Court

18   usually asks, in this case the bargained-for exchange here is the

19   fact that counsel and I engaged in a plea discussion in the

20   zero-to-life offense essentially; and for the two-year maximum

21   negotiated before the Court, that was made part of the plea

22   agreement, that was part of the bargained-for exchange.

23          THE COURT:  All right.

24          MR. SQUIRES:  Your Honor, the parties understand that if

25   the Court refuses to accept any provision of this plea agreement

1    or there is a material breach of this agreement, neither party is

2    bound by any of its provisions, the defendant may withdraw the

3    guilty plea and/or the United States Attorney for the Southern

4    District of Ohio may proceed with prosecution as if the agreement

5    had never been made.

6         The defendant understands he is not a prevailing party.

7         He understands and accepts that in addition to any

8    criminal sanction, he may be subject to civil and/or

9    administrative consequences.

10        The defendant claims in this case, Your Honor, to suffer

11   from a rare medical condition which requires specialized treatment

12   at the defendant's claim.  And the government agrees, in fact has

13   indicated to probation, that the defendant's medical condition

14   should be a particular focus of the presentence investigation

15   report.

16        Your Honor, no additional promises, agreements or

17   conditions have been made relative to this plea agreement, other

18   than those expressly set forth, and none will be made unless

19   signed -- written and signed by all parties.

20        This agreement does bear the signature of Thomas G.

21   Thompson dated 3-24 of '15, also his attorney, Mr. Dusing,

22   Benjamin G. Dusing, on the 24th, 2015, on 3-24 of 2015.  And then

23   I signed it on 3-30 of '15 by myself and on behalf of the United

24   States Attorney Carter Stewart.

25        With the Court's permission, I will summarize

1    Ms. Antekeier's plea agreement.  Thank you.  It has similar terms

2    regarding the 11(c)(1)(C) but not as many as to other agreements.

3         Your Honor, Defendant Alison L. Antekeier will enter a

4    plea of guilty to a single-count information charging her with

5    criminal contempt, in violation of 18 United States Code Section

6    401(3).

7         The defendant understands the penalties are controlled by

8    United States Sentencing Guideline 2X5.1 in that there is no

9    specific guideline range for her offense.  So the defendant and

10   the government have agreed that 18 United States Code Section

11   3146(b)(1)(B) regarding the criminal violation of failure to

12   appear, and that is for a material witness in that case, is the

13   most analogous offense, and the parties stipulate that this

14   section shall apply for purposes of sentencing.  Accordingly, this

15   offense has a maximum term of imprisonment of one year, a maximum

16   fine of $100,000, and a potential of up to one year of supervised

17   release.

18        This section is a little different in that the defendant

19   will pay a special assessment in a total of $25 instead of the

20   $100 for Mr. Thompson.

21        The defendant also waives any right or claim to the

22   $425,380 seized in this case and understands the amount shall be

23   turned over to the United States District Clerk for distribution

24   in accordance with further orders of this Court.

25        The defendant agrees to assist the parties in that civil

1    case cited previously, 06-cv-0292 that is currently before the

2    Court, in identifying assets and agrees to submit to a debtor's

3    examination.

4         The defendant agrees to make herself available to

5    debriefings by the United States and to testify truthfully and

6    completely concerning all matters pertaining to the information,

7    including identifying those who may have assisted her or her

8    co-defendant in the crime of criminal contempt.

9         Your Honor, the government agrees that any

10   self-incriminating information provided during these examinations

11   will not be used against the defendant in determining the

12   applicable guideline range for sentencing or as a basis for upward

13   departure from the guideline range.

14        Ms. Antekeier also signed an agreement specifying the

15   rights outlined so well by the Court here today, all her trial

16   rights and Constitutional rights including, most importantly, if

17   accepted here by the Court today her guilty plea, there is to be

18   no trial -- further trial of any kind.

19        The defendant understands that the Court intends to

20   question her on the record, the questioning may be under oath --

21   That's already occurred here today -- and if the defendant's

22   guilty plea is entered and not withdrawn, the United States

23   Attorney agrees not to charge her with any offense arising from

24   the circumstances of this case.

25        The United States Attorney also recommends that at this

1   time the defendant has accepted responsibility for the offense to

2   which she has pleaded guilty and will so inform the Court the

3   defendant has timely notified authorities of her intention to

4   plead guilty, which will result in a decrease in her offense level

5   by two levels.

6       And this defendant is also aware that the sentencing

7   guidelines are advisory and no longer mandatory, also as stated by

8   the Court here today.

9       The defendant understands this agreement does not protect

10  her from prosecution for perjury, should she testify untruthfully,

11  or from making false statements.

12      Your Honor, the defendant makes similar waivers to her

13  Constitutional and statutory rights to appeal, and that is

14  regarding any pretrial motions, defenses, probable cause

15  determinations, and objections that this defendant could assert in

16  the information or the Court's entry of judgment against the

17  defendant and imposition of sentence upon the defendant, providing

18  the sentence is consistent with this agreement.  The defendant

19  further waives any right to appeal the Court's entry of judgment

20  against the defendant, any right to collaterally attack the

21  defendant's conviction and sentence under 28 United States Code

22  Section 2255 or any other collateral attack and any right to file

23  a motion or modification of sentence including under 18 United

24  States Code Section 3582(c).  This defendant also acknowledges

25  this waiver shall result in the dismissal of any appeal or

collateral attack the defendant might file to challenge -- that
the defendant might file challenging her conviction or sentence in
this case.  And as this Court usually asks, this waiver shall not
be construed to bar a claim by the defendant for ineffective
assistance of counsel or prosecutorial misconduct.

Similarly, the bargained-for exchange came in plea
negotiations since the terms were negotiated in favor of the
defendant.  The Court is well aware that she was facing the
potential of zero to upwards of life imprisonment based on the
statutory offense of prison time, while potentially possible, is
not recommended in this case.

And those are the specific terms of the plea agreement.

Your Honor, the parties understand if the Court refuses
to accept any provision of this plea agreement, neither party is
bound by its provisions, the defendant may withdraw her guilty
plea; and the United States Attorney for the Southern District of
Ohio may proceed with prosecution as if the agreement had never
been made.

The defendant understands she's not a prevailing party.

She understands that she may be subject to other civil
and administrative consequences.

And in the last paragraph it indicates that no other
promises, agreements or conditions have been made, other than
those set forth in writing.

It is signed by Alison L. Antekeier, also by her

1    attorney, Dennis W. McNamara.  While there's no date next to those

2    names, we know they are filed -- signed just recently.  And then I

3    signed it on the -- on 3-27 of '15.

4              THE COURT:  Thank you, Mr. Squires.

5              Mr. Thompson, is this your understanding of the plea

6    agreement?

7              MR. THOMPSON:  Yes, it is, Your Honor.

8              THE COURT:  Mr. Dusing, is this your understanding of

9    Mr. Thompson's plea agreement?

10             MR. DUSING:  It is, Your Honor.

11             THE COURT:  Ms. Antekeier, is this your understanding of

12   the plea agreement?

13             MS. ANTEKEIER:  Yes, Your Honor.

14             THE COURT:  Mr. McNamara, is this your understanding of

15   Ms. Antekeier's plea agreement?

16             MR. MCNAMARA:  It is, Your Honor.

17             THE COURT:  Has anyone made any other or different

18   promises or assurances of any kind that induced you to plead

19   guilty?

20             MR. THOMPSON:  No, Your Honor.

21             MS. ANTEKEIER:  No, Your Honor.

22             THE COURT:  Pursuant to Rule 11(c) of the Federal Rules

23   of Criminal Procedure, the Court hereby accepts these plea

24   agreements.  The judgment and sentence imposed upon these

25   defendants in this case will conform with the terms of the plea

1    agreement.

2         Aside from the plea agreement which we've just discussed,

3    has any person, including an agent or officer of the government or

4    any of the attorneys in this case, promised or even suggested that

5    you will receive a lesser sentence or some other form of leniency

6    in exchange for your plea of guilty?

7         MR. THOMPSON:  No.

8         MS. ANTEKEIER:  No.

9         THE COURT:  Is your decision to plead guilty your own

10   free and voluntary act?

11         MR. THOMPSON:  Yes.

12         MS. ANTEKEIER:  Yes.

13         THE COURT:  Have you been subjected to threats or force

14   of any kind which caused you to plead guilty?

15         MR. THOMPSON:  No, Your Honor.

16         MS. ANTEKEIER:  No.

17         THE COURT:  Mr. Squires, is there an agent available who

18   can testify as to the facts giving rise to this case?

19         MR. SQUIRES:  Yes, Your Honor.  The government is pleased

20   to offer Deputy John Bailey of the United States Marshal Service.

21         THE COURT:  Deputy Bailey, please come forward and be

22   sworn.

23     (The deputy marshal was sworn.)

24         THE COURT:  Please proceed.

25         MR. BAILEY:  Were this matter to go to trial, the United

States of America would prove the following facts beyond a reasonable doubt:

Case no. 2:06-cv-292 is a civil matter, hereinafter the civil case, which in 2012 was pending before Judge Edmund A. Sargus in the Southern District of Ohio, Eastern Division.  The following occurred in the civil case:

On August 6, 2012, Defendant Thomas G. Thompson was ordered to appear at a hearing scheduled for August 13, 2012, to provide an accounting of certain funds and the disposition and location of 500 restrike commemorative gold coins.

On August 13, 2012, Defendant Thompson failed to appear and since no good cause was found for the failure to appear, a bench warrant was issued by Judge Sargus.

On October 31, 2012, Witness Alison L. Antekeier was ordered to appear before the Court to give testimony related to the civil case on November 7, 2012.

On November 7, 2012, Witness Antekeier failed to appear and since no good cause was found for the failure to appear, a bench warrant was issued by Judge Sargus.

Thompson and Antekeier had knowledge that bench warrants were issued for their arrest so that their failure to appear was willful.

On March 28, 2013, an arrest warrant based on a criminal complaint alleging a violation of 18 United States Code 401(3), criminal contempt, was authorized by Magistrate Judge Elizabeth

1     Preston Deavers against Thompson in case no. 2:13-mj-177.

2         On January 27, 2015, Thompson and Antekeier were found

3 together and arrested in Boca Raton, Florida. They possessed a

4 total of $425,380 in U.S. currency at the time of their arrest.

5         All of the above clear and specific orders were issued in

6 the Southern District of Ohio.

7         This concludes the statement of facts.

8         THE COURT: Did each of you -- Thank you very much,

9 Officer Bailey. Did each of you hear the statement of facts set

10 forth by Officer Bailey?

11         MR. THOMPSON: Yes.

12         MS. ANTEKEIER: Yes.

13         THE COURT: Are those facts true and correct in all

14 material respects?

15         MR. THOMPSON: Yes, Your Honor.

16         MS. ANTEKEIER: Yes.

17         THE COURT: Are you offering to plead guilty here today

18 because you are in fact guilty of the offense charged in Count 1

19 of the bill of information?

20         MR. THOMPSON: Yes, Your Honor.

21         MS. ANTEKEIER: Yes.

22         THE COURT: In light of everything that I have told you

23 about your rights, in light of all of my questions, I will ask you

24 again: How do you plead to the charge, guilty or not guilty?

25         MR. THOMPSON: Guilty.

1        MS. ANTEKEIER:  Guilty.

2        THE COURT:  The Court has observed the appearance and

3    responsiveness of the Defendants Thompson and Antekeier in giving

4    their answers to the questioned asked.  Based on such observations

5    and the answers given, the Court finds that each defendant is in

6    full possession of his and her faculties.  Each defendant is free

7    from any apparent physical or mental illness.  Neither defendant

8    is under the influence of alcohol or narcotics.  Both defendants

9    understand the proceedings in which he and she are engaged.  Both

10   understand the nature and meaning of the charge and the

11   consequences of their respective pleas of guilty.  Both are aware

12   of all plea negotiations undertaken in their respective behalves.

13        I find that each defendant is fully competent and capable

14   of entering an informed plea, that each plea of guilty is a

15   knowing and voluntary plea supported by an independent basis in

16   fact containing each of the essential elements of the offense.

17   Each plea is, therefore, accepted, and each defendant is now

18   adjudged guilty of the offense.

19        In accordance with the Federal Rules of Criminal

20   Procedure and the local rules of the Southern District of Ohio, a

21   written presentence report will be prepared by the probation

22   office to assist this Court in sentencing.  Each of you will be

23   asked to give information for the report, and each of you may have

24   your counsel with you if you so choose.  Both you and your counsel

25   may make objections to the findings and conclusions of the

probation officer in accordance with the rules.  And at the

sentencing hearing, you and your counsel may present evidence and

arguments in support of your position with respect to any

unresolved objections to the presentence report.

Mr. Squires, what is the custodial status of

Mr. Thompson?

MR. SQUIRES:  Your Honor, Mr. Thompson is currently in

custody.  The government asks that remain.  It is also the

recommendation of pretrial services.

THE COURT:  That status will remain.

What is the custodial status of Ms. Antekeier?

MR. SQUIRES:  She is currently in custody.  She was

originally ordered detained in the Southern District of Florida.

She was brought before this Court in custody.

However, pretrial services has recommended and the U.S.

Attorney also recommends her release pending sentencing.  She has

indicated that she has a stable place to stay.  I believe that

person is present in court and has affirmed that that is a house

which is a residence which she has available to stay.  There's

also certain terms and conditions recommended by pretrial

services.  And based on that, the government recommends her

release pursuant to those conditions.

THE COURT:  All right.  I will abide by that

recommendation, and it is, therefore, ordered that Defendant

Antekeier be released subject to the following conditions.  She

1    must not violate any federal, state or local law following

2    release.  She must report immediately to the pretrial services

3    officer any contact with law enforcement personnel, including

4    arrests, questioning or traffic stops.  She must cooperate in a

5    collection of her DNA sample as a collection is authorized by 42

6    United States Code Section 14135A.  She must immediately advise

7    the Court and defense counsel in writing before making any change

8    of residence or telephone number.  She must appear in court as

9    required and must surrender as directed to serve any sentence

10   imposed.

11       It is further ordered that she promise to appear in court

12   as required and surrender to serve any sentence imposed.  She must

13   submit to supervision and report for supervision to pretrial

14   services, telephone no. 719-3070.  She must continue to actively

15   seek employment.  She must surrender any passport to the Clerk of

16   Courts by April 9, 2015.  She cannot obtain a passport or other

17   international travel document.  She must abide by the following

18   restrictions on personal association, residence and travel.  She

19   must reside at the address approved by pretrial services, and

20   travel is restricted to the Southern District of Ohio.

21       Ms. Antekeier, should you fail to abide by these

22   guidelines or should you violate any of those conditions of

23   release, that may result in the immediate issuance of a warrant

24   for your arrest, a revocation of your release, an order of

25   detention, a forfeiture of any bond and a prosecution for contempt

1    of court, which may result in imprisonment, a fine or both.

2          Are there any other matters with respect to Ms. Antekeier

3    that the Court did not cover with respect to release status,

4    Mr. Squires?

5          MR. SQUIRES:  Not as to release, but I just have one

6    procedural matter that Mr. McNamara brought to my attention.

7          THE COURT:  All right.

8          MR. SQUIRES:  It's an addendum to the information to

9    indicate Count 1 beginning on or about January 7 of 2012.  That

10   should read 2013, Your Honor.

11         THE COURT:  All right.  The record shall reflect that

12   correction.

13         MR. SQUIRES:  Thank you, Your Honor.  No other matters

14   from the government.

15         MR. MCNAMARA:  I have two minor ones.

16         THE COURT:  Please proceed.

17         MR. MCNAMARA:  United States Attorney Squires noted that

18   the plea agreement was not dated as to my signature or

19   Ms. Antekeier's.  And just for the record, it was signed at the

20   Delaware County jail after she and I had gone over it on March 25,

21   2015.

22         THE COURT:  All right.

23         MR. MCNAMARA:  So two days, I think, before Mr. Squires

24   signed -- or re-signed it.

25         The only other matter is that her passport was seized

1    either at or shortly after the time of her arrest and still is in

2    the possession of the U.S. Marshal's office, or whoever it was

3    that seized it, and so she's not able to comply with that

4    requirement, but they already have it.

5         THE COURT:  Well, that was just a part of the standard

6    language, just to make sure.

7         Are there any other matters we need to take up on behalf

8    of Mr. Thompson, Mr. Dusing?

9         MR. DUSING:  No, Your Honor.

10        THE COURT:  And, Ms. Antekeier, I'm going to have you

11   sign the release document indicating that I have covered all the

12   conditions, and you understand them.

13        If there is nothing further, then this matter is

14   adjourned.

15        MR. MCNAMARA:  Thank you, Your Honor.

16        MR. DUSING:  Thank you, Your Honor.

17     (The hearing was adjourned at 4:30 p.m. on April 8, 2014.)

18                      - - -

19

20

21

22

23

24

25

1                      C E R T I F I C A T E

2                              -  -  -

3          I, Laura L. Samuels, do hereby certify that the foregoing is

4     a true and correct transcript of the proceedings of the Arraignment on

5     Information, in the cases of:  United States of America, Plaintiff, v.

6     Thomas G. Thompson, Defendant, case no. 2:15-cr-81, and United States

7     of America, Plaintiff, v. Alison L. Antekeier, Defendant, case no.

8     2:15-cr-82, before the Honorable Algenon L. Marbley, Judge, in the

9     United States District Court, Southern District of Ohio, Eastern

10    Division, on the date indicated, reported by me in shorthand and

11    transcribed by me or under my supervision.

12

13

14

15

16                              /s/ Laura L. Samuels
                                Laura L. Samuels, RPR
17                              Federal Official Court Reporter

18

19

20

21

22

23

24

25