IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA**            No.:   2:15-cr-00081-001

    **Plaintiff,**

    vs.
                                        **JUDGE MARBLEY**

**THOMAS G. THOMPSON ,**

    **Defendant.**

### UNITED STATES' MOTION FOR A PROTECTIVE ORDER REGARDING FINANCIAL INFORMATION

The United States of America, by and through the undersigned counsel, herein submits this motion for a Protective Order in the above-entitled case. Term 4(a) of Defendant Thomas G. Thompson's Plea Agreement (Doc. No. 14) requires Thompson to submit himself to what amounts to a debtor's examination and to be questioned regarding the location of five hundred (500) gold commemorative coins, among other things.  (*See*, Doc. No. 761, *Williamson v. Recovery Limited Partnership*, et.al., 2:06-cv-292, Judge Sargus' Opinion and Order of August 6, 2012).  In Paragraph 4(a) Thompson agreed to assist the Parties in civil case number 06-cv-0292, and any other party identified by the Court as having an interest (the "civil litigants"), in identifying and recovering assets.  The Court has ordered the debtor's examination to take place during the week of October 19, 2015.  (Doc. No. 33).  The government has provided Thompson with a list of anticipated questions and asked Thompson to gather all documents and records which may be responsive to such questions.

The debtor's examination will require testimony and the production of documents related to financial matters; including trust agreements, transactional records and bank statements. Once received by the government, the government intends to provide such financial information to the civil litigants. This Protective Order is necessary to ensure financial information, derived from answers and records, provided to the civil litigants is used only by the civil litigants in pursuing their interests in the civil case and that the financial information is not disclosed to others. The civil litigants should disclose Thompson's financial information only to those involved with tracing and recovering assets and those individuals will, in turn, be subject to any Protective Order granted. All parties should maintain financial information in a safe place and destroy financial information once the case is closed. The government will follow similar practices as mandated by DOJ policies and procedures.

Based on the foregoing, the government requests a Protective Order be granted limiting disclosure of Thompson's financial information.

Respectfully submitted,

CARTER M. STEWART
United States Attorney

s/Douglas W. Squires
DOUGLAS W. SQUIRES (0073524)
Assistant United States Attorney
Attorney for Plaintiff
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
Office: (614) 469-5715
Fax: (614) 469-5653
E-mail: Douglas.Squires@usdoj.gov