FILED
RICHARD W. NAGEL
CLERK OF COURT

2020 DEC 14 PM 5:04

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| Plaintiff, | : | CASE NO. 2:15-CR-00081-001 |
| v. | : | JUDGE MARBLEY |
| THOMAS G. THOMPSON, | : | |
| Defendant. | | |

## DEFENDANT'S PRO-SE MOTION FOR COMPASSIONATE RELEASE FROM DETENTION PURSUANT TO 18 U.S.C. 3852(C)(1)(A), AND THE FIRST STEP ACT OF 2018, DUE TO HIS AGE, MEDICAL CONDITION, AND THE COVID-19 PANDEMIC.

Defendant, Thomas G. Thompson, pro-se, respectfully moves this Court to issue an Order for his compassionate release from detention under the First Step Act of 2018, due to his age and medical condition and the COVID-19 outbreak at the U.S. Bureau of Prison's detention center at Milan Federal Correctional Institution.

Compassionate release – originally introduced into law by the Sentencing Reform Act of 1984, and recently modified by the First Step Act of 2018 – permits incarcerated individuals to seek from their sentencing judge a reduction in sentence to time served, for extreme and extenuating medical reasons, or for age-related circumstances.

Most federal prisoners and detainees, before seeking compassionate release from their sentencing judge, are first required to exhaust all Bureau of Prisons (BOP) administrative appeals

and processes. However, Defendant Thompson is exempt from this requirement due to his unique circumstance at FCI Milan's detention center.

Based on a sworn declaration by the Milan detention center administrator, previously filed with this Court, Mr. Thompson is neither eligible for, nor required to, apply for any of the BOP's administrative appeals or processes, because, technically, currently he is not serving a sentence. (ECF N0. 184-1).

Defendant Thompson is a non-violent offender. His age and pre-existing medical complications are two characteristics that describe the demographic group that CDC medical experts say is at the high risk during the coronavirus pandemic (*see* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-increased-risk.html).

Mr. Thompson is 68 years old, and suffers from hypertension (high blood pressure) and atherosclerosis (coronary artery disease). Both of these diseases are considered to be "debilitating conditions" under the First Step Act's compassionate release provisions.

Also, Mr. Thompson's hypertension and coronary artery disease both are documented in his medical records at FDC Milan. Those medical records also document that in June, 2019 he was transported from FDC Milan to an Ann Arbor, Michigan hospital for coronary surgery. (See Exhibit A and Exhibit B).

For hypertension, Mr. Thompson has been prescribed metoprolol, amlodipine and lisinopril. For atherosclerosis, coronary artery disease, he has been prescribed time-release nitroglycerine and time-release aspirin. These prescriptions of medicine also are documented in Defendant's medical records at FDC Milan. (See Exhibit A and Exhibit B).

2

FCI Milan, where Mr. Thompson is housed in the detention center, has been hit particularly hard by the virus. "Despite the government's attempt to minimize the status of the pandemic crisis at FCI Milan, it is undisputed that the progress of the outbreak is ongoing, and the Facility still has active inmate infections." *United States v. Nazzal*, No.10-20392, 2020WL 3077948, at *4 (E.D. Mich. June 10, 2020).

As Judge Lawson has recognized, Milan "has done a poor job of limiting the spread of the novel coronavirus." *United States v. Haywood,* ECF Doc. No. 176, E.D. Mich. 2:2014-cr-20178-290083, August 7, 2020).

Alarmingly. BOP statistics show a 93.3 % spike in inmates testing positive for COVID-19 in the two days between Dec. 7 and Dec. 9, 2020, jumping from 15 inmates testing positive to 29 inmates testing positive. (https://www.bop.gov/coronavirus/). (See Exhibit C).

Yet, at the same time, despite at least three deaths from COVID-19 at FCI Milan, only 540 of the 1262 inmates there have been tested for the virus, with 91 of those tests coming back as positive for COVID-19 as of August 17, 2020 (https://www.bop.gov/coronavirus/).

That means less than 43% of the inmate population were tested, and of those tested, more than 16% have been positive for the virus. As another court recently explained, "as evidenced by recent infections among prisoners in the high-risk population, the risk of contracting COVID-19 in FCI Milan remains a daily threat, and that is entirely out of the petitioner's control." *United States v. Kirschner,* No. 110-CA-00203-SPH-MJD, 2020 WL 4004039, at #3, S.D. Ind. July 13, 2020). As of September 6, 2020, FDC Milan has yet to conduct testing of its non-quarantine detainees at its detention center.

3

At Milan, correctional officers (guards) and medical staff work back and forth between the prison and the jail, and this staff interacting between the two facilities creates the potential for a virus to move from one facility to the other. Sick or self-isolating personnel mean fewer staff to oversee inmates.

If the Court grants this motion, Mr. Thompson will, at his own expense, relocate to a private residence in Franklin County where he can shelter in place and have access to doctors, medicine, and medical testing – a location where he has no chemical sensitivities. He also will have unlimited access to telephone, to work with counsel to resolve any remaining underlying legal issues.

He has previously informed this Court of the location of that residence, and the Court's probation services staff have authenticated details about it. Mr. Thompson agrees to electronic monitoring and supervision if this Court deems it to be appropriate, and agrees to bear all expenses of electronic monitoring and of living in the private residence. Further, Mr. Thompson can arrange for and bear the expense of his transportation to Franklin County.

Nationally, there are 26,000+ inmates age 65 and older in the Bureau of Prison's 122 facilities, where they are vulnerable to coronavirus because they are crowded closely together and unable to practice social distancing. Mr. Thompson's age and health conditions put him at high risk from the virus – the CDC recognizes that the older an individual is, the greater the risk from COVID-19. "Among adults, the risk for severe illness from COVID-19 increases with age, with older adults at highest risk." (https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html ).

4

At least one judge in the 6th Circuit found that *advanced age alone* for a 65-year-old man convicted of a violent offense, put the defendant at risk of serious illness or death because of the COVID-19 pandemic, and there were no active cases at his facility. *United States v. Williams*, No. 15-20462, 2020 WL 4040706 at *3 (E.D. Mich July 17, 2020), granting release to a 68-year-old serial bank robber.

Many courts, including district courts within the 6th circuit, have identified hypertension as an underlying medical condition that renders a prisoner/detainee to be at higher-risk, weighing against continued detention during the COVID-19 pandemic. These include:

--*United States v Sanders*, 2:19-cr-20288 , 2020 WL 1904815 at *4 (E.D. Mich. April 17, 2020);

--*United States v Patino*, No. 18-CR-20481, 2020 WL 1676766 at *2 (E.D. Mich. April 6, 2020),

--*United States v Mines*, No. 4:18-CR-00552, 2020 U.S. Dist Lexis 112175, at N.D. Ohio, June 26, 2020 (granting release to an inmate with hypertension);

--*Perez-Perez v. Adduci*, No. 20-10833, 2020 WL 2305278 (E.D. Mich May 9, 2020), noting that a detainee who suffers from hypertension faces a heightened risk of severe medical consequences or death if the prisoner contracted COVID-19; and,

--*United States v Crawford*, 2018 U.S. Dist. Lexis 120224 (S.D. Ohio July 8, 2020), finding that the defendant was at an increased risk of suffering severe illness from COVID-19 due to his age and underlying medical conditions.

As Judge Leitman has explained: "Many district courts have recognized that hypertension increases the likelihood of severe complications from COVID-19." *United States v. Goins*, No. 11-CR-20376, 2020 WL 3064452 at *3 (E.D. Mich, June 9, 2020).

5

Where a detention order has been issued, the Court is permitted to issue a "subsequent order" temporarily releasing an individual in custody, to the extent that the judicial officer determines such release to be necessary for the preparation of the person's defense or for another compelling reason (18 U.S.C 3142(i)(4). While the language of 3142(i)(4) appears under the heading "Release or detention of a defendant pending trial," this provision applies to Defendant Thompson even though he has pled guilty and is thus pending sentencing rather than trial. The language specifies that the Court may permit temporary release by subsequent order. *United States v Thornton*, 787 F.2d 594 (6th Cir. 1986); and *United States v Dante Stephens*, No. 15-CR-0098, 2020 U.S. Dist. Lexis 47846, 2020 WL 1295133, *3 (S.D. NY, March 19, 2020), holding that (18 U.S.C 3142(i)(4) constitutes a "separate statutory ground" for post-conviction release.

Mr. Thompson's crimes were ultimately non-violent. Even when an offense is "egregious," when it is "ultimately non-violent" courts have found that continued incarceration of vulnerable inmates is unwarranted during this pandemic. *United States v. Al-Jumail*, No. 12-20272, 2020 WL 2395224, at *5 (E.D. Mich May 12, 2020).

Compassionate release is necessary for the compelling reason that it will protect the Defendant, the prison population, and the wider community during the COVID-19 pandemic; and also that the pretrial release is necessary for the preparation of Defendant's pre-sentencing defense.

Accordingly, Defendant requests this Court to issue an Order for FDC Milan to release him from detention, subject to the 14-day pre-release quarantine required by BOP. Defendant further requests this Court to order FDC Milan to permit Defendant to retain, while in quarantine, all legal and other documents, and other items he now possesses at FDC Milan.

Respectfully submitted,

__/s/_Thomas G. Thompson__
Thomas G. Thompson, Pro Se
Federal Detention Center
Milan, MI 48160

**CERTIFICATE OF SERVICE:**

Defendant certifies that on this 11th day of December, 2020, a copy of the foregoing was filed with the Clerk of Courts, and will or should be served on all counsel of record through the Court's ESF system.

__/s/_Thomas G. Thompson__
Thomas G. Thompson, Pro Se
Federal Detention Center
Milan, MI 48160