

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF OHIO**

**EASTERN DIVISION**

UNITED STATES OF AMERICA,      :

              Plaintiff,      :      CASE NO. 2:15-CR-00081-001

      v.      :      JUDGE MARBLEY

THOMAS G. THOMPSON,      :

          Defendant.


### Pro Se Motion of Defendant Thomas G. Thompson to Rescind Contempt Order

Now comes Defendant Thompson, pro se, and moves this Honorable Court to rescind its contempt order for the following good causes:

1. Thompson has been incarcerated in federal prison since Feb. 2015 for failing to justify his noncompliance with the court contempt order.

2. During that time period the world has experienced a global COVID 19 pandemic that killed millions of people. And prisoners were the hardest hit population. As we speak, the Federal Detention Center where Mr. Thompson resides is currently experiencing a surge in COVID cases. Prisons are places not designed with COVID in mind. There is no way to defend yourself from contracting COVID in prison. It is impossible to practice social distancing or avoid group gathering.

3. Mr. Thompson also suffers from Encephalomyelitis (ME) or Systemic Exertion Intolerance Disease (SEID) . a disease that causes profound fatigue, cognitive dysfunction and post-exertional malaise. As such, any type of sedentary work, full or part-time would provoke his symptoms. Mr. Thompson's age and very poor health make him a member of this vulnerable group, and he is at risk of getting really sick or dying if he catches COVID.

4. Mr. Thompson protracted incarceration for Civil Contempt no longer has a coercive effect, and has become punitive. Continued incarceration would violate Mr. Thompson's constitutional rights. Mr. Thompson's Civil Contempt Confinement is not and should not be a death sentence. Death is a very real possibility in light of Thompson's health and the harsh conditions he is confined under.

5. Mr. Thompson is at the Milan Federal Detention Center where he is housed with our countries most dangerous criminals. In his housing unit you have members of several gangs, such as the Almighty Vice Lord Nation (AVLN), CRIPS, BLOODS, PIMPS, Human Traffickers, and you name it. There was a murder at Milan FDC a little more than a year ago here. On a daily basis there are instances of violence, drugs, extortion, etc.

6. Because of the risk of contracting COVID, and Mr. Thompsons other health conditions, including chemical hypersensitivity, and safety concerns, Thompson remains in his cell sometimes days at a time.

7. The purpose of Civil Contempt is to coerce the respondent to do that which has been ordered and which he is capable of doing or to compel compensation for losses resulting from noncompliance.

8. It seems fair to surmise that the living nightmare Mr. Thompson has and continues to go through, but who refuses/fails to comply with this courts Civil Contempt Order, has lost is coercive effect.

9. Even if the coercive effect of jail is self-negated by the contemnor's waiting it out, incarceration for civil contempt cannot stand without coercive effect.

10. Clearly Mr. Thompson's incarceration has lost its coercive effect, given the length of the incarceration and his steadfast failure to comply with the turnover

order. This court cannot ignore what is self-evident. Six years is longer than most imprisonments for serious federal crimes. The record before the court and the totality of the circumstances makes it clear that there is no realistic possibility that Thompson can or will comply with the court's contempt order. Although the court may find that Thompson can comply with its order, his incarceration should and may not last indefinitely.

11. There is established legal precedent for rescinding a contempt incarceration order that has lost its coercive force.   In Wellington Precious Metals, 950 F.2d at 1530 the court found that "when civil contempt sanctions lose their coercive effect, they become punitive and violate the contemnor's due process right". In the Matter of JKohn Crededio, 759  F.2d 589,590 (7th Cir.. 1985 the court found  "when incarceration for civil contempt.... ceases to be coercive and becomes punitive, due process considerations oblige a court to release a contemnor from civil contempt...) (quoting Sinkin v United States, 715 F>2d 34, 37 (2d Cir. 1983).


CONCLUSION

For good cause shown above, Defendant moves this Court to rescind its contempt order.

Respectfully Submitted,

Thomas G. Thompson
#07332-104
Milan Detention Center
P.O. Box 1000
Milan, MI 48160

## CERTIFICATE OF SERVICE:

Defendant certifies that on this 8th day of December, 2022, a copy of the foregoing

was filed with the Clerk of Courts, and will or should be served on all counsel of

record through the Court's ESF system.

Thomas G. Thompson
#07332-104
Milan Detention Center
P.O. Box 1000
Milan, MI 48160