UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | **CASE NO. 2:15-CR-81** |
| **v.** | **CHIEF JUDGE MARBLEY** |
| **THOMAS G. THOMPSON,** | **Response of the United States in Opposition to Defendant Thompson's *Pro Se* Motion to Rescind Contempt Order** |
| **Defendant.** | |

The United States hereby responds to Defendant Thomas G. Thompson's *Pro Se* Motion to Rescind Contempt Order. (Motion, R.257.) Mr. Thompson's motion argues that his continued detention violates the Due Process Clause of the Fifth Amendment. Because he is wrong about that, his motion should be denied. Given the circumstances of this case, however, it may be appropriate for the Court to consider whether Mr. Thompson's detention continues to be an effective exercise of the Court's discretion.

## BACKGROUND

In April 2015, Mr. Thompson pleaded guilty to one count of criminal contempt based on his actions in a civil proceeding. (*See* Plea Agreement, R.14.) As part of the plea agreement, Mr. Thompson agreed to assist the parties in the civil suit in recovering assets, including by agreeing to "testify under oath at a proceeding, amounting to a debtor's examination, to identify and recover assets." (*Id.* at 49.) Mr. Thompson sat for the debtor's examination but failed to assist in identifying and recovering assets. Another debtor's examination was scheduled, but Mr. Thompson refused to participate.

On November 16, 2015, the Court ordered Mr. Thompson to comply with his plea agreement and to sit for another debtor's examination. (Order, R.50 at 494–95.) The Court made

clear that if Thompson failed to do so he would be "ordered to show cause why he should not be held in civil or criminal contempt for failure to comply with a Court order." (*Id.* at 495.) Mr. Thompson initially failed to sit for the debtor's examination, and when he ultimately did so, he refused to answer questions.

On December 16, 2015, the Court entered an Order holding Mr. Thompson in civil contempt for failing to comply with the November 16, 2015 order. (Order, R.63 at 626–27.) The Court ordered that Mr. Thompson be detained and pay a daily fine until he purged himself of the contempt. (*Id.*)

Since then, the Court has held a series of status conferences to assess whether Mr. Thompson will choose to bring himself into compliance with the Court's Order and purge the civil contempt. At each conference, he has refused. On April 25, 2017, the Court ordered Mr. Thompson to execute a limited power of attorney to permit the parties to probe the contents of a Belizean trust suspected to contain 500 "restrike" or commemorative gold coins. (Order, R.108 at 990.) Mr. Thompson refused to comply with this Order as well.

In June 2017, Mr. Thompson filed a motion to terminate the civil contempt sanctions, based on the Recalcitrant Witness Statute, 28 U.S.C. § 1826. (Motion, R.111.) The Court denied the Motion, and Mr. Thompson appealed to the Sixth Circuit. The court of appeals affirmed, holding that Mr. Thompson's contempt sanction did not fall under the Recalcitrant Witness Statute. *United States v. Thompson*, 925 F.3d 292, 301–03 (6th Cir. 2019).

Following the appeal, the Court has continued to hold a series of status conferences to assess Mr. Thompson's willingness to bring himself into compliance. He continues to refuse.

On December 8, 2022, Mr. Thompson filed a *pro se* motion to rescind the contempt order. (*See* Motion, R.257.)

**ARGUMENT**

Mr. Thompson's motion should be denied because he is incorrect that his continued

detention violates the Due Process Clause of the Fifth Amendment. Mr. Thompson's sole

contention is that his confinement for civil contempt "no longer has a coercive effect, and has

become punitive," which, if true, would violate due process. (Motion, R.257 at 1936–38.) The

contention lacks merit. Continued incarceration does not violate the Due Process Clause, because

Mr. Thompson has not established that he is unable to comply with the Court's orders.

The Supreme Court has held that a court may confine a contemnor "indefinitely until he

complies with an affirmative command." *United Mine Workers of Am. v. Bagwell*, 512 U.S. 821,

828 (1994). Continued confinement violates the Due Process Clause only when the contemnor

demonstrates an inability to comply with the relevant order. *United States v. Rylander*, 460 U.S.

752, 757 (1983); *Maggio v. Zeitz*, 333 U.S. 56, 75–76 (1948); *see Armstrong v. Guccione*, 470

F.3d 89, 110 (2d Cir. 2006). If the contemnor were no longer *able* to comply, contempt would

become punitive, and continued confinement would violate due process.

Mr. Thompson does not show or even claim to be unable to comply with the Court's

orders. He does not claim, for example, that he is incapable of sitting for and answering

questions in a debtor's examination, as ordered in November 2015. (*See* Order, R.50 at 494–95.)

Nor does he claim that he is incapable of assisting with the recovery of assets by alternative

means, such as executing a limited power of attorney that would allow another person to probe

the Belizean trust, as ordered in April 2017. (*See* Order, R.108 at 990.) In fact, he notably avoids

making a claim that he is unable to comply with the Court's orders. Mr. Thompson describes

himself as someone "who refuses/fails to comply" and characterizes his detention as being the

result of his "steadfast failure to comply." (Motion, R.257 at 1937–38.) He even concedes that

"the court may find that Thompson can comply with its order." (*Id.* at 1938.) Far from arguing that he is unable to comply, Mr. Thompson argues that even if the Court finds that he is able to comply, the Court should conclude that "his incarceration should and may not last indefinitely." (*Id.*)

Mr. Thompson is wrong to suggest that his confinement for civil contempt violates due process simply by virtue of its duration. To the contrary, the Supreme Court has said that the "paradigmatic coercive, civil contempt sanction" is "confining a contemnor *indefinitely*" until the contemnor complies with an order. *Bagwell*, 512 U.S. at 828 (emphasis added). The limiting factor is not duration of confinement; it is ability to comply. *Armstrong*, 470 F.3d at 110 ("The length of coercive incarceration, in and of itself, is not dispositive of its lawfulness."). Because Mr. Thompson has not demonstrated an inability to comply with the Court's orders, his continued confinement does not violate the Due Process Clause. *See Rylander*, 460 U.S. at 757.

Mr. Thompson's motion does not argue that his civil contempt should be lifted on any other ground. Civil contempt in this case was based on the Court's own motion (*see* Tr., R.67 at 679–80), and the power to impose (or lift) contempt sanctions lies within the Court's discretion. *See Elec. Workers Pension Tr. Fund of Loc. Union #58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003). In a recent order, the Court directed the parties to be prepared for questions about whether Mr. Thompson's detention continues to be an effective exercise of the Court's discretion. (*See* Order, R.240 at 1836 n.4.) The United States believes it is appropriate for the parties and the Court to address these questions at a hearing. Because Mr. Thompson's motion, which focuses solely on due process, does not make arguments along these lines, this Response does not address them. At the next compliance hearing, however, the United States

will be prepared to respond to any questions the Court may have about whether continued

detention continues to be effective.

**Respectfully submitted,**

KENNETH L. PARKER
United States Attorney


<u>s/ Peter K. Glenn-Applegate</u>
PETER K. GLENN-APPLEGATE (0088708)
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, OH 43215
Phone No.: (614) 469-5715
Fax No.: (614) 469-5653
Email: peter.glenn-applegate@usdoj.gov

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Response of the United States in Opposition to Defendant Thompson's *Pro Se* Motion to Rescind Contempt Order was filed with the Court's CM/ECF filing system and served on all parties on record this 21st day of December, 2022.

Because Mr. Thompson's motion was filed *pro se*, I further certify that the foregoing Response of the United States in Opposition to Defendant Thompson's *Pro Se* Motion to Rescind Contempt Order shall be served on Defendant Thomas G. Thompson himself by U.S. Mail at FDC Milan, 4004 East Arkona Road, Milan, MI 48160.

<div style="margin-left:50%">

s/Peter K. Glenn-Applegate
PETER K. GLENN-APPLEGATE (0088708)
Assistant United States Attorney

</div>