# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| Plaintiff, | : Case No. 2:15-cr-081 |
| | : |
| v. | : Chief Judge Algenon L. Marbley |
| | : |
| THOMAS G. THOMPSON, | : |
| | : |
| Defendant. | : |

## MOTION OF DEFENDANT THOMAS G. THOMPSON FOR A DECISION UPON DEFENDANT'S PENDING AMENDED MOTION TO RESCIND CONTEMPT ORDER, OR IN THE ALTERNATIVE, REQUEST FOR AN EXPEDITED STATUS HEARING

Now comes, Defendant, Thomas G. Thompson, by and through counsel, and respectfully moves this Court to render a decision upon his pending Amended Motion to Rescind Contempt Order, or in the alternative, issue an Order scheduling an expedited status hearing in this matter on the grounds set forth hereinafter.

Respectfully submitted,

GOLDEN & MEIZLISH CO., LPA

By:   /s/ Keith E. Golden
KEITH E. GOLDEN (0011657)
Attorney for Defendant
923 E. Broad Street
Columbus, OH  43205
PH:  614.258.1983
FX:  614.253.5071
keg@golmeiz.com

**MEMORANDUM IN SUPPORT**

On December 16, 2015, the Court issued an Order which held Defendant in civil contempt and incarcerated him for an indefinite period of time for his failure to comply with the Court's November 16, 2015 Order. (ECF No. 63) In addition, as an additional coercive measure the Court tolled Defendant's associated two year criminal sentence that was imposed until he cured the civil contempt. (Page ID #65) Thereafter, the Court has conducted numerous periodic status hearings to assess whether Defendant would comply with the November 16, 2015 order and purge his contempt. The result of each of the status hearings have all been the same, Defendant has not purged his contempt leading to the conclusion that the December 16, 2015 civil contempt order has provided no remedial nor coercive affect.

Ultimately, as shown at the civil trial against Defendant the only items of property at issue that became clear once this case proceeded relating to the contempt order salvaged from the Central America shipwreck for which Defendant continues to be incarcerated are 500 gold restruck coins originally produced for the purpose of gifts to the project investors which for several reasons were never distributed. These value of the coins at the time of the civil jury trial was $2.5 million and was part and parcel to the judgments awarded in favor of The Dispatch Printing Company, Columbus Exploration, LLC and Recovery Limited Partnership (now John Pidcock, Trustee) against Defendant on December 18, 2018 in Franklin County Common Pleas Court. (Consolidated Case Nos. 05CVH04-4220 and 05CVH10-11795). These parties have actively participated in this case since its outset as Interested Parties and have on occasion called upon the inherent powers of this Court to serve their respective civil monetary interests.

On September 13, 2022, the Court issued an Opinion and Order ruling on a number of pending motions including Defendant's Renewed Motion to Dismiss Civil Contempt Charges and Motion for Compassionate Release. (ECF No. 240) The order stated "*Sua sponte,* the Court will

set a compliance hearing to evaluate Mr. Thompson's ability and willingness to purge himself of civil contempt." (*Id*.) Though the Court found insufficient merit in Mr. Thompson's motions, the Court expressed "its own concerns about the duration of Mr. Thompson's incarceration." The Court noted that when the sentence was imposed in December of 2015 "it never could have anticipated that this case would drag into 2022 without any substantial progress." (*Id*.) "Given the length of Mr. Thompson's incarceration and the strong liberty interests at stake, a fresh look is warranted on whether the civil contempt sanction remains calculated to procure compliance with the plea agreement." Accordingly, "a hearing will be scheduled to evaluate *de novo* Mr. Thompson's present willingness and ability to purge himself of contempt." (*Id*.)

On December 8, 2022, Defendant filed an additional Pro Se Motion to Rescind Contempt Order. The Motion requested release on two bases: (1) his health conditions place him in danger of contracting and suffering severe outcomes form COVID-19; and (2) the civil contempt has lost its coercive effect and its continued imposition is thus unjustified. (ECF No. 257)

On April 14, 2023, the Court conducted the contemplated compliance hearing wherein Defendant testified and was cross examined by the Government. Documentary evidence was presented and the parties argued the merits of Defendant's December 8, 2022 motion as well as issues raised in the Court's September 13, 2022 Opinion and Order.

On April 14, 2023, the Court issued an Order in follow up to the hearing directing Defendant to file an Amended Motion by May 15, 2023, followed by a response by the Government and a reply by Mr. Thompson. (ECF No. 281) On May 12, 2023 Defendant filed his required Amended Motion (ECF No. 283) and on May 24, 2024, the Government filed its response (ECF NO. 284). While not ordered to do so The Dispatch Printing Company filed a response and a memorandum. (ECF No. 285 & 286) On June 2, 2023, Defendant filed a Consolidated Reply to the Government and the Dispatch. (ECF No. 289) On June 8, 2024, Trustee Pidcock filed a response

to which Defendant chose not to reply. (ECF No. 290) During the hearing and in its response the Government concurred with Defendant's arguments that the contempt order should be terminated. Trustee Pidcock in his response concurred as well. Only the Dispatch printing Company unsurprisingly objected. The Court took the matter under advisement and a decision has now been pending for 13 months since the hearing and 11 months since the final filing by Trustee Pidcock.

Defendant was first arrested in in this case in Florida upon a federal warrant in February of 2015 following which he was detained in federal custody until his incarceration began for civil contempt on December 15, 2015. Therefore, as of the date of the filing of this Motion Defendant has been incarcerated for 11 months pre-contempt plus 101 months for the contempt for a combined total of 112 months, well over 9 years.

Originally, in its December 16, 2015 order the Court stated that it would assess the status of Thompson's compliance every 60 days. (ECF No. 63, Page 5) However, while the periodic status hearings have occurred they have been on a sporadic basis with the time period between each one widening over time. It has now been 12 months since the last hearing on April 14, 2023.

Defendant advises the Court that in the time following the April 14, 2023 hearing due to the continued incarceration of Defendant much has occurred to his detriment and harm the details of which will be presented to the Court at the requested status hearing. Defendant submits that an *In-camera* conference with the Court during the hearing will be necessary to discuss many of the details in order to protect his privacy and attorney client privilege rights. It would be improper to disclose them in this pleading.

Being under the custody of the U.S. Marshal under a civil contempt order in a Federal Bureau of Prisons ("BOP") facility results in Defendant essentially being a "tweener" for lack of any formal classification that fits his situation. What rights, rules and procedures apply to him come into question on a daily basis and are ultimately determined by whoever is in charge in place

and time. Defendant has in a number of instances filed administrative hearing requests with the BOP but they have not been properly nor timely processed, if at all.  Most notably, in June following the April status hearing Defendant was transferred from a single cell of 6 years to a double cell.  Since that time Defendant has been beaten up and suffered serious injuries by 2 cellmates for which he has not received proper medical treatment.  Defendant has also been exposed to various asbestos and other toxic chemicals, both airborne and in clothing, from which he was protected in his single cell.  Further, all of Defendant's legal files were removed  upon the transfer and are no longer are readily available to him.

Since the April, 2023 hearing Defendant also continues to be deprived of adequate medical diagnosis and/or treatment from the Milan facility medical staff relative to his varied conditions. This is the subject of Defendant's pending Motion filed under seal on November 6, 2023 which the Court has as of this date not ruled upon. (ECF No. 293)

Defendant hesitantly brings to the Court's attention a factor for consideration that has not been previously addressed in this matter. That is Defendant's right to appeal the underlying two year sentence imposed herein.  As a consequence of the Court tolling the underlying sentence in its December 16, 2015 an appeal has been delayed until such time as the tolling is terminated and the sentence is imposed. That will begin a rather lengthy and arduous process in the Sixth Circuit that could take up to an additional two years.

Lastly, and worthy of note to the Court is the fact that the Interested Parties, The Dispatch Printing Company and Trustee Pidcock, have been utilizing other remedies available to them to satisfy their civil judgments other than the calling solely upon this Court to assist them through its inherent powers in this criminal case. On January 9, 2023, Trustee Pidcock was granted an order to examine 75 boxes of records seized from Defendant  for purposes of "locating assets that can be liquidated and distributed to the investors …" (ECF No. 264)  In addition, Trustee Pidcock retained

a collection firm to execute upon its judgment against Defendant which is presumably ongoing. On December 15, 2023 the Dispatch Printing Company utilized the Franklin County Common Pleas Court to schedule a virtual Judgment Debtor Examination. Defendant refused to submit to the examination and be interrogated. While The Dispatch requested that the Court take further action as a consequence of the refusal the Court nevertheless declined to do anything and the matter went no further.

WHEREFORE, based on the circumstances set forth herein Defendant respectfully moves the Court to render a decision upon his pending Amended Motion to Rescind Contempt Order, or in the alternative, issue an Order scheduling an expedited status hearing in this matter.

Respectfully submitted,

GOLDEN & MEIZLISH CO., LPA

By:   /s/ Keith E. Golden
KEITH E. GOLDEN (0011657)
Attorney for Defendant
923 E. Broad Street
Columbus, OH 43205
PH: 614.258.1983
FX: 614.253.5071
keg@golmeiz.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Motion was served upon s, Peter K. Glenn-Applegate, Assistant United States Attorney, Counsel for the Plaintiff, and all other interested parties and counsel, via the Court's CM/ECF filing system on May 21, 2024.

GOLDEN & MEIZLISH CO., LPA

By:   /s/ Keith E. Golden
KEITH E. GOLDEN (0011657)
Attorney for Defendant