IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:15-CR-00081 |
| | : | |
| -vs- | : | Chief Judge Algenon L. Marbley |
| | : | |
| THOMAS G. THOMPSON, | : | |
| | : | |
| Defendant. | : | |

**INTERESTED PARTY THE DISPATCH PRINTING COMPANY'S MEMORANDUM IN OPPOSITION TO MOTION OF CHRISTOPHER HAMPSON AND LEA KRIVINSKAS SHEPARD FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF AND IN OPPOSITION TO PROPOSED *AMICUS* BRIEF (ECF No. 295)**

**I.     Introduction**

Interested Party The Dispatch Printing Company ("TDPC") opposes the Motion of Christopher D. Hampson and Lea Krivinskas Shepard for Leave to File *Amicus Curiae* Brief Supporting Defendants' Amended Motion to Rescind Contempt Order. Their motion for leave – and the proposed *Amicus* Brief itself – should be rejected for four fundamental reasons:

(1) The proposed *Amici* fail to establish any of the grounds adopted by this Court for filing an *Amicus* Brief. They do not even acknowledge these grounds, much less try to meet them.

(2) Their proposed *Amicus* Brief mischaracterizes Defendant Thomas Thompson's confinement as a "debtor's prison," when, in fact, he is confined for civil contempt of ***this Court's Orders***. Thompson holds the keys to his own jail cell, but refuses to obey the Court's clear Orders. This is the paradigmatic incarceration for civil contempt, not a "debtor's prison."

1

(3) The proposed *Amicus* Brief also falsely states that Thompson purged his civil contempt when the Federal Civil Case was supposedly "dismissed" five years ago.[1] Nothing could be further from the truth. The underlying Order for which Thompson was held in civil contempt – which he continues to defy – plainly requires him to assist "any other party in identifying and recovering [the] assets" that Thompson stole. That Order is ***not*** limited to assisting the litigants solely in the Federal Civil Case like the proposed *Amici* would have this Court believe.

(4) The remainder of the proposed *Amicus* Brief merely rehashes the very same arguments that Thompson and his legal counsel make in their pending motions – claiming that his continued confinement no longer has any coercive effect when, in fact, it clearly does. Thompson's continued incarceration is coercive as he can direct the Belizean Trust holding the gold coins to disburse them at any time, but refuses to do so. Thompson truly holds the keys to his own jail cell – but he is trying to outlast this Court so that he can abscond to his offshore accounts and enjoy his pilfered gold coins and millions of dollars he stole from his investors.

For these reasons, proposed *Amici's* motion for leave to file their unhelpful and factually inaccurate *Amicus* Brief should be denied.

**II.** **<u>Movants Have Failed To Meet The Grounds For Filing An *Amicus* Brief</u>**

The proposed *Amicus* Brief fails to even address – and does not meet – the requirements for filing an *Amicus* brief in this Court.

---

[1] The Federal Civil Case is *Williamson v. Recovery Limited Partnership*, Case No. 06-cv-0292 (S.D. Ohio).

Leave to participate as amicus curiae is a "privilege within the sound discretion of the courts." *United States v. Michigan*, 940 F.2d 143, 165 (6th Cir. 1991) (internal quotation marks and citation omitted). It is solely within the court's discretion to determine "the fact, extent, and manner" of the participation. *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003).

In *Hughes v. White*, 388 F.Supp.2d 805, (S.D. Ohio 2005), this Court denied a motion for leave to file an *amicus curiae* brief as "not necessary to the Court's consideration and determination of the issues before it" where (1) the movant did not show that it has a "special interest" in the matter; (2) the movant did not claim that defendants' counsel does not adequately represent their clients' interests; and (3) the proposed *amicus* brief introduced "new (irrelevant)" facts. *Id.* at 817 n.3. The Court relied on the factors adopted by the Seventh Circuit in *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062 (7th Cir.1997), concerning the limited circumstances in which a proposed *amicus* brief should be permitted:

> An amicus brief should normally be allowed when [(i)] a party is not represented competently or is not represented at all, [(ii)] when the amicus has an interest in some other case that may be affected by the decision in the present case …, or [(iii)] when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide. ***Otherwise, leave to file an amicus curiae brief should be denied.***
> [*Id.* at 1063 (emphasis added)]

As in *Hughes*, none of these limited circumstances exist here. Thompson is represented by competent counsel and proposed *Amici* do not claim otherwise. They have not identified a special interest that may be affected by this Court's determination. And, proposed *Amici* have no unique information or perspective that can help the Court beyond the help the lawyers for the parties and Interested Parties (the victims) have already provided. Instead, movants merely rehash many of the same arguments Thompson and his lawyer have made (as though they are working in tandem).

3

Proposed *Amici*'s motion for leave to file an *Amicus* Brief should be denied for this reason alone. *Accord*: *Dow Chemical Co. v. United States*, No. 00-CV-10331-BC, 2002 WL 33012185, *2 (E.D. Mich. May 24, 2002) ("The Court finds that the proposed filing will not aid the Court in resolving the issues before it, there is no need to supplant the development of the issues already explicated by the parties to this case, and it is not desirable to add to the already voluminous record before the Court."); *In re Edison Mission Energy*, 610 B.R. 871, 878 (Bankr. N.D. Ill. 2020) ("[A] court should only allow an amicus brief if it assists the court and provides information that the parties have not provided"; denying motion for leave to file amicus brief where it did "not offer the court insight beyond what the parties can provide); *Nat'l Air Traffic Controllers Ass'n, MEBA, AFL-CIO v. Mineta*, No. 99CV1152, 2005 WL 8169395, *2 (N.D. Ohio June 24, 2005) (denying motion for leave to file amicus brief: "While the Airport Executives and the Contract Tower Association may have an interest in the outcome of this case, the court is not persuaded that they offer a 'unique' perspective or any essential material information that would otherwise be absent from the record.").

### III. Thompson Is Confined For His Contempt Of *This Court's Orders* – He Is *Not* In "Debtor's Prison" For Nonpayment Of A Civil Debt

The most fundamental reason why proposed *Amici*'s motion for leave should be denied is that their proposed *Amicus* Brief repeatedly mischaracterizes Thompson's confinement as a "debtor's prison" for nonpayment of a civil debt. [Amicus Brief, ECF No. at PageID #2273-75.] That is simply not true.

Thompson is confined because of his blatant disobedience of ***this Court's Orders***, not because he has failed to pay his debts to civil litigants. This Court's Contempt Order filed December 16, 2015 (ECF No. 63) plainly states: "***Defendant Thompson is HELD in civil***

4

*contempt for failure to comply with the Court's November 16, 2015 Order [ECF No. 50]."*

[ECF No. 63, PageID #626 (emphasis added).]

It is thus indisputable that Thompson's confinement is appropriate as civil contempt of this Court's Orders – not for nonpayment of a civil debt and not for contempt of a separate civil court's orders. In the Court's own words:

> Incarceration has long been considered an "appropriate sanction for civil contempt." *United States v. Bayshore Assoc.*, 934 F.2d 1391, 1400 (6th Cir. 1991) (citing *Hicks v. Feiock*, 485 U.S. 624, 632 (1988)). Indefinite detention until the contemnor complies with an affirmative command of the Court is the "paradigmatic coercive, civil contempt sanction." *Int'l Union, United Mineworkers of America v. Bagwell*, 512 U.S. 821, 828 (1994).

[Contempt Order, filed 12/16/15 (ECF No. 63, PageID #624.]

Where, as here, Thompson is confined for civil contempt of the Court's Order, it is "baseless" for the proposed *Amici* to mischaracterize his confinement as "debtor's prison." *Tauro v. Allegheny County*, Case No. CIV. A. 09-0354, 2009 WL 4262977, *5 (W.D. Pa. Nov. 24, 2009) ("Where an individual is able to pay the debt and the purpose of the sanctions are remedial or coercive, the characterization of incarceration for civil contempt as 'debtor's prison' is baseless.") (emphasis added). *Accord: Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 442, 31 S. Ct. 492, 498 (1911) (indefinite detention is not unlawful because the contemnor "carries the keys of his prison in his own pocket" and can "end the sentence and discharge himself at any moment by doing what he had previously refused to do").

### IV. Thompson's Contempt Has *Not* Been Purged As The Proposed *Amicus* Brief Falsely Contends

Proposed *Amici*'s contention that Thompson's contempt was purged when the Federal Civil Case was supposedly "dismissed" years ago is baseless. [Proposed *Amicus* Brief, PageID #2279-82.] Neither this Court's underlying Order that Thompson has defied nor his criminal

Plea Agreement were limited to his assistance in the Federal Civil Case, as *Amici* would have this Court believe.

Instead, the Court's Order that Thompson refuses to obey clearly requires him to assist not only the parties in the Federal Civil Case, but also "any other party identified by the Court as having an interest, in identifying and recovering [the] assets" that Thompson has absconded with – including the "gold strike commemorative coins…." Specifically, this Court's November 16, 2015 Order for which Thompson remains in contempt states:

> The Court further ORDERS Defendant [Thompson] to comply with the terms of his plea agreement, in particular, Section 4(a), in which he agreed to the following:
>
> > Defendant agrees to assist the Parties in Case No. 06-CV-0292, ***and any other party identified by the Court as having an interest***, in identifying and recovering assets. Defendant agrees to testify under oath at a proceeding, amounting to a debtor's examination, to identify and recover assets. This examination shall include, but is not limited to, questions regarding the gold strike commemorative coins which were the subject of previous orders in Case No. 06-CV-0292.
>
> [Order, ECF No. 50, PageID # 494-95 (emphasis added).]

This is the underlying Court Order for which Thompson is in civil contempt for his refusal to obey. This Court's Contempt Order filed December 16, 2015 (ECF No. 63) plainly states: "Defendant Thompson is **HELD** in civil contempt for failure to comply with the Court's November 16, 2015 Order." [ECF No. 63, PageID #626 (emphasis in original).] Yet, the proposed *Amici* ignore the Court's November 16, 2015 Order – instead focusing solely on Thompson's Plea Agreement.

In addition, this Court's subsequent Orders make it clear that its underlying Order (ECF No. 50) requires Thompson to provide assistance to The Dispatch Printing Company (and other interested parties) to identify and recover the millions of dollars of assets that Thompson stole

6

and continues to hide. In the Court's Opinion & Order filed September 13, 2022 (ECF No. 240), the Court specifically held that the $18.4 million jury verdict and judgment that The Dispatch Printing Company and other civil litigants obtained against Thompson in *The Dispatch Printing Co. v. Recovery Limited Partnership, et al.*, Case No. 05CVH04-4220 (Court of Common Pleas of Franklin County, Ohio), actually "*strengthens* the Interested Parties' claims to the [gold] coins" that Thompson was ordered by this Court to assist in identifying and recovering for those same interested parties. [Opinion & Order, ECF No. 240, PageID #1832 (emphasis in original).] The Court further held that Thompson remains in contempt of this Court's prior Order and his Plea Agreement for refusing to do so:

> Mr. Thompson remains obligated by his plea agreement to "assist the Parties … in identifying and recovering assets" (ECF No. 14 ¶ 4) – and this he has not done. ***Because Mr. Thompson remains in contempt of this Court's orders to comply with the terms of his plea agreement***, his Motion to Dismiss Civil Contempt Charges (ECF No. 202) is DENIED.
>
> [ECF No. 240, PageID #1832 (emphasis added).]

The Court so ruled nearly three years *after* the Federal Civil Case supposedly concluded.

*Amici's* assertion that Thompson's contempt of the Court's Orders was purged five years ago is not only inconsistent with the plain terms of the Court's underlying Order for which he remains in civil contempt, it is directly contrary to this Court's own subsequent rulings concerning Thompson's continuing "contempt of this Court's orders."

## V. The Proposed *Amicus* Brief Rehashes The Same Meritless Arguments Being Made By Thompson

The remaining arguments in the proposed *Amicus* Brief merely repeat the same arguments that Thompson and his counsel make in their pending motions – claiming his incarceration is no longer coercive. This duplication wastes judicial and party resources and fails to "add something distinctive to the presentation of the issues." *Nat'l Air Traffic Controllers*

7

*Ass'n, MEBA, AFL-CIO*, 2005 WL 8169395, at *2 (denying motion for leave to file *amicus curiae* brief where "[t]here is little reason to believe that the proposed amicus briefs would do more than reiterate, restate or at best refine the points already made by the [the parties]."); *Jones v. Roper*, 311 F.3d 923, 927 (8th Cir. 2002) (denying amicus status where proposed amicus's arguments mirrored those of a party); *Dow Chemical Co.,* 2002 WL 33012185, *1 (denying motion for leave to file *amicus curiae* brief where court found "that the issues in this case have been fully and thoroughly developed by the parties. In fact, the parties are quite capable, both in terms of quantity and quality, of fully explicating the legal and factual issues that this Court is called upon to decide."); *Sierra Club v. Fed. Emergency Mgmt. Agency*, 2007 WL 3472851, *3 (S.D. Tex. Nov.14, 2007) (denying leave to file where amicus sought to litigate fact issues and its interests and policy objectives were identical to those of the party whose position it sought to support).

The proposed *Amici's* position – like Thompson's – is also wrong.  Where, as here, a civil contemnor carries "the keys of their own prison in their own pockets," incarceration does not become less coercive simply because a significant amount of time has passed. The Supreme Court has approved continued civil contempt sanctions absent a showing of "present inability" to comply with the court orders.  *United States v. Rylander*, 460 U.S. 752, 757 (1983).  *Accord: Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 442, 31 S. Ct. 492, 498 (1911) (indefinite detention is not unlawful because the contemnor "carries the keys of his prison in his own pocket" and can "end the sentence and discharge himself at any moment by doing what he had previously refused to do"); *Chadwick v. Janecka*, 312 F.3d 597, 608 (3d Cir. 2002) (holding that incarcerating an individual until compliance, no matter the length of time that has passed, is coercive and not punitive).

As in these cases, Thompson holds the keys to his own release. He has the ability and authority under the Belizean Trust and the financial wherewithal (i.e., by Thompson's admission in his personal financial statement, he owns more than *ten times* the value of the gold coins), to comply with this Court's Orders by either disclosing the whereabouts of the gold coins (or reacquiring them) – or simply signing the power of attorney that would allow the government to find them. He refuses to do either.

Proposed *Amici* offer no rationale, perspective, or law that is new or unique to the issues that have already been litigated extensively by the interested parties. Accordingly, their motion for leave should be denied for this additional reason.

**VI.** **Conclusion**

For these reasons, the Motion of Christopher D. Hampson and Lea Krivinskas Shepard for Leave to File an *Amicus Curiae* Brief should be denied.

Respectfully submitted,

/s/ Steven W. Tigges
Steven W. Tigges (0019288)
ZEIGER, TIGGES & LITTLE LLP
41 South High Street, Suite 3500
Columbus, Ohio  43215
Telephone:  (614) 365-9900
Facsimile:  (614) 365-7900
Email: tigges@litohio.com

Attorneys for The Dispatch Printing Company

**CERTIFICATE OF SERVICE**

    The undersigned certifies that a redacted copy of the foregoing was filed electronically this 10th day of June, 2024 via the Court's electronic filing system.

                                                /s/ Steven W. Tigges
                                                Steven W. Tigges (0019288)

1031373