IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 2:15-CR-00081 |
| -vs- | : | Chief Judge Algenon L. Marbley |
| THOMAS G. THOMPSON, | : | |
| Defendant. | : | |

**INTERESTED PARTY THE DISPATCH PRINTING COMPANY'S RESPONSE TO DEFENDANT THOMAS G. THOMPSON'S MOTION FOR DECISION ON HIS AMENDED MOTION TO RESCIND CONTEMPT ORDER AND HIS REQUEST FOR AN EXPEDITED STATUS HEARING (ECF No. 294)**

Interested Party The Dispatch Printing Company ("TDPC") opposes Defendant Thomas G. Thompson's motion to grant his pending amended motion to rescind the Court's contempt order against him – for the reasons previously explained in TPDC's Memorandum in Opposition to the Rescind Motion, filed May 26, 2023 (ECF Nos. 285, 288). Thompson continues to hold the keys to his own prison cell – and he has the ability and the financial wherewithal to purge his contempt of this Court's Orders.

As an initial matter, Thompson tries to support his new motion with a false statement. He now claims that the "only items of property" that he stole from his investors were the 500 gold coins for which he refuses to disclose their whereabouts. [ECF No. 294, PageID #2262.] But that is simply not true. Thompson also absconded with millions more of his investors' money – as evidenced by the combined $18.4 million jury verdict obtained against him in *The Dispatch Printing Co. v. Recovery Limited Partnership, et al.*, Case No. 05CVH04-4220 (Court of Common Pleas of Franklin County, Ohio).

1

As for the 500 gold coins pilfered away by Thompson, his claim that he does not have the ability to obtain them from the Belizean Trust in which he placed the missing coins is also untrue. The plain language of the Belizean Trust Agreement reveals the falsity of his statement by expressly providing that Thompson has the right to "reacquire any part(s) or all of the trust corpus by substituting other property of an equivalent value." [Belizean Trust Art. 3, § 8, ECF No. 288-2, PageID # 2171] And, according to Thompson's own personal financial records that were seized by the United States Marshals when he was apprehended, his net worth is more than *ten times* the value of the gold coins that he stole – including millions of dollars held in offshore accounts in the Cook Islands and a Swiss bank.[1]

Under these circumstances, federal law is clear that Thompson's continued incarceration for civil contempt continues to have a substantial coercive effect and does not violate his due process rights. "Incarceration has long been established as an appropriate sanction for civil contempt." *United States v. Bayshore Assocs., Inc.,* 934 F.2d 1391, 1399 (6th Cir. 1991). The Supreme Court holds: "The paradigmatic coercive, civil contempt sanction ... involves confining a contemnor ***indefinitely until he complies*** with an affirmative command." *International Union, United Mine Workers v. Bagwell*, 512 U.S. 821, 828 (1994) (emphasis added). The law is also clear that where, as here, a civil contemnor carries "the keys of their own prison in their own pockets," incarceration does not become less coercive simply because a significant amount of time has passed. The Supreme Court has approved continued civil contempt sanctions absent a showing of "present inability" to comply with the court orders. *United States v. Rylander*, 460 U.S. 752, 757 (1983). *Accord: Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 442, 31 S. Ct. 492,

---

[1] Thompson's personal financial statement and documents relating to these offshore bank accounts were filed under seal at ECF No. 288-4 to 288-7, PageID #2196 to 2212.

498 (1911) (indefinite detention is not unlawful because the contemnor "carries the keys of his prison in his own pocket" and can "end the sentence and discharge himself at any moment by doing what he had previously refused to do"); *Chadwick v. Janecka*, 312 F.3d 597, 608 (3d Cir. 2002) (holding that incarcerating an individual until compliance, no matter the length of time that has passed, is coercive and not punitive).

As in these cases, Thompson truly holds the keys to his own release. He has the ability and authority under the Belizean Trust and the financial wherewithal to comply with this Court's Orders by either disclosing the whereabouts of the gold coins he stole (or reacquiring them) – or simply signing the power of attorney that would allow the government to find them. He refuses to do either.

Thompson is trying to outlast this Court so that he can abscond to his offshore accounts and enjoy his pilfered gold coins and millions of dollars he stole from his investors. It is obvious that his plan from the beginning was to renege on his Plea Agreement and disobey this Court's Orders while trying to find different ways to get out of jail rather than simply purging his contempt. But Thompson's repeated disobedience of this Court's Orders should not be a "Get-Out-Of-Jail-Free Card" when he could purge his contempt simply by telling the truth and living up to his promises in his Plea Agreement.

TDPC also submits that, as a condition of Thompson's release for civil contempt, the Court should consider requiring him to either pay his civil contempt fine or at the very least post a bond or other security in the amount of his unpaid civil contempt fine, which is now in excess of $3 million. If this occurs, TDPC requests the Court to consider allowing it and the other victims of Thompson's scheme to make a presentation to the Court concerning whether Thompson's fines

3

should be shared with these interested parties to compensate them for the injuries they have incurred as a result of Thompson's contemptuous conduct.

For these reasons, The Dispatch Printing Company opposes Defendant Thompson's motion to grant his pending amended motion to rescind the Court's contempt order against him.

Respectfully submitted,

/s/ Steven W. Tigges
Steven W. Tigges (0019288)
ZEIGER, TIGGES & LITTLE LLP
41 South High Street, Suite 3500
Columbus, Ohio 43215
Telephone: (614) 365-9900
Facsimile: (614) 365-7900
Email: tigges@litohio.com

Attorneys for The Dispatch Printing Company

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing was filed electronically this 11th day of June, 2024 via the Court's electronic filing system. Notice of this filing and a copy of the pleading will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Steven W. Tigges
Steven W. Tigges (0019288)

1031955