# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:15-CR-00081 |
| v. ) | |
| ) | JUDGE ALGENON L. MARBLEY |
| THOMAS G. THOMPSON, ) | |
| ) | |
| Defendant ) | |
| ) | |

### JOINT REPLY TO DEFENDANT THOMAS THOMPSON'S RESPONSE TO MOTION FOR ENTRY OF INTERIM JUDGMENT

Interested Party John Pidcock, trustee (the "Trustee") of the Recovery Limited Partnership Trust (the "Trust"), and Interested Party The Dispatch Printing Company (the "Dispatch") (collectively, the "Civil Litigants"), hereby reply to Defendant Thomas G. Thompson's Response to Civil Litigants' Joint Motion for Interim Judgement (the "Response").

**I.  Background**

This Court is familiar with the history of this case, specifically Thompson's continued recalcitrance and refusal to follow this Court's orders to assist the Civil Litigants in the cases captioned *The Dispatch Printing Company, et al. v. Recovery Limited Partnership, et al.* Case No. 05CVH04-4220 and *The Dispatch Printing Company, et al., v. Gilman D. Kirk, et al.,* Case No. 05CVH10-11795) (the "State Court Cases").  On November 16, 2015, after Thompson had appeared at a debtor's examination and been less than forthcoming, the Court entered an order requiring Thompson to sit for a second debtor's examination to provide information related to the identification and recovery of assets in the State Court Cases. [Docket #50].  Thompson refused to comply with that order.  On December 16, 2015, Court entered the Contempt Order imposing an

indefinite sentence of incarceration for civil contempt "until Thompson complies with the Court's order to sit for the debtor's examination and assist the Civil Litigants in identifying and recovering assets." The Court also imposed a fine of $1,000 per day for Thompson's civil contempt. [Order, Docket #63 at. 6].

On August 7, 2024, the Civil Litigants filed a Joint Motion for Entry of Interim Judgment Against Defendant for Accrued Civil Contempt fines (the "Motion"). Notably, the United States does not oppose the relief sought by the Civil Litigants. On September 26, 2024, Defendant Thompson responded to the Motion, including a memorandum in support [Docket No. 304]. Tellingly, the memorandum of law in support did not include a single case in support of Defendant's position. The Civil Litigants' replies to the specific arguments raised by Defendant Thompson in his Response are in sequential order below. However, it is important to note that the relief requested by the Civil Litigants does not harm Defendant Thompson in any way. He already owes the full amount of the accrued fines; the Motion just seeks to alter to whom a portion of that amount is owed.

### A.     No Objection to Hearing.

The Civil Litigants have no objection to the Defendant's request for a hearing on this matter and defer to the Court on whether a hearing is necessary.

### B.     No Debtor's Prison; Civil Contempt Fines are Wholly Distinct from State Court Judgment.

The claim that Defendant is held in a "debtor's prison" is a mischaracterization. This Court has repeatedly stated that Mr. Thompson holds his own keys to release. His continued confinement results from his failure to comply with the Court's orders, particularly this Court's civil contempt order, not from any debt collection proceeding. This civil contempt and the fines at issue are solely related to Defendant's own noncompliance in this matter and are wholly separate from any civil

34275935.2

judgments obtained in state court. The fines have been imposed because of Defendant's failure to meet the terms of his plea agreement and his subsequent failure to comply with this Court's orders. The record speaks for itself – Defendant is still in prison because he has refused to comply with this Court's orders on numerous occasions, and it is simply irrational to posit otherwise.

### C. Conversion of the Fine to Judgment.

The conversion of the civil contempt fines into a judgment in favor of the Civil Litigants is merely a reassignment of the recipient of the fines. It does not impose any new or additional harm or damages on Defendant Thompson, who already owes the fines to the Court. Changing the potential recipient of the fines from the United States (in the Court's role as a federal court) to the Civil Litigants and the United States, respectively, does not alter Mr. Thompson's obligations.

### D. No Double Dipping.

The Defendant's argument of "double dipping" is unfounded. These fines are distinct from the civil judgment issued by the Franklin County Court. The two obligations arise from different facts, in this case Mr. Thompson's failure to comply with this Court's orders. However, even though Defendant Thompson's argument on this point is misguided, the Civil Litigants are willing to reduce any civil judgment dollar for dollar in accordance with any recovery on this proposed interim judgment, ensuring that no theoretical double collection occurs.

### E. The Civil Litigants' Calculation is Correct and Reasonable.

The calculation of the amount of fines that should be allocated to the Civil Litigants is correct. Defendant's suggestion that damages are related to interest on a prior civil judgment is incorrect. The damages pertain to the Civil Litigants' right to recover the missing restrike coins themselves, and the harm is not having possession of these coins. The change in the valuation of these coins is not only an appropriate measure of the Civil Litigants' damages, but it is the most

conservative measure of those damages as discussed in the Civil Litigants' Motion. *See* Motion, p.5.[1]  And again, this relief does not harm the Defendant.  Mr. Thompson already owes these fines to one party or another.  The calculation only shows a reasoned way to allocate the fines between the Civil Litigants and the United States.  The Court allocating a portion of the fines to the Civil Litigants because they are the ones suffering from Mr. Thompson's failure to comply with the plea agreement is reasonable and warranted.

### F. Timeliness of the Motion.

Defendant's claim that this motion is premature is without merit. Courts regularly grant interim judgments in similar cases, and the Civil Litigants do not know when or if Defendant Thompson will comply with this Courts' Orders and cease accruing fines. It would be inappropriate to delay action on the Motion and wait an indefinite time before addressing these actively accruing fines.

WHEREFORE, the Civil Litigants respectfully request this Court overrule the Response and grant the Motion, or, in the alternative, schedule a hearing to address the Motion.

---

[1] In addition to not asking for the total value of the gold restrike coins themselves as interim damages, the Civil Litigants are not considering any increase in the numismatic value as damages since the December 18, 2018 jury valuation of $5,000 per gold coin, which implied a $1,877 premium from the spot value for the coins' quality, rarity and demand. Simply stated, if the two elements of value that the jury used to determine total value of each coin were spot and numismatic value, here the Civil Litigants held the jury's December 18, 2018 numismatic value static in calculating their interim damages.

Respectfully submitted,

*/s/ Sean D. Malloy*
Sean D. Malloy (0073157)
Maria G. Carr (0092412)
MCDONALD HOPKINS LLC
600 Superior Avenue East, Suite 2100
Cleveland, Ohio  44114
(216) 348-5436
(216) 348-5474 (facsimile)
smalloy@mcdonaldhopkins.com
mcarr@mcdonaldhopkins.com

Attorneys for John B. Pidcock, Trustee for Recovery Limited Partnership Trust


*/s/ Steven W. Tigges*
Steven W. Tigges (0019288)
ZEIGER, TIGGES & LITTLE LLP
41 South High Street, Suite 3500
Columbus, Ohio 43215
Telephone: (614) 365-9900
Facsimile: (614) 365-7900
Email: tigges@litohio.com

Attorneys for The Dispatch Printing Company

5

34275935.2

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing was filed with the Court's electronic filing system on October 10, 2024, which will send notice of this filing to all parties that have entered an appearance in this matter.

                                          */s/ Sean D. Malloy*
                                          Sean D. Malloy (0073157)

34275935.2